UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERIK SHEEHAN,

    Plaintiff,

v.

VERIZON COMMUNICATIONS, INC., LAURA CARDINALE, LISA DAMASK, CAROLYN DRISCOLL, PAUL McGOVERN, LINDA RICHELSON, DOREEN TOBEN and DOUG WILDER,

    Defendants.

Civil Action No. 04 12364 JLT

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Verizon Communications, Inc. ("Verizon"), Laura Cardinale ("Cardinale"), Lisa Damask ("Damask"), Carolyn Driscoll ("Driscoll"), Paul McGovern ("McGovern"), Linda Richelson ("Richelson"), Doreen Toben ("Toben") and Doug Wilder ("Wilder")(collectively "Defendants") hereby file this Notice of Removal. In connection therewith, the Defendants state as follows:

1.    <u>State Court Action</u>

Plaintiff Erik Sheehan ("Sheehan") sued the Defendants for negligent supervision, sexual harassment, sexual discrimination, retaliation, and aiding and abetting another in violation of Mass. Gen. Laws. ch. 151B in the Superior Court of the Commonwealth of Massachusetts for Suffolk County, Civil Action No. 2004-03961.

2.  <u>Federal Jurisdiction</u>

Sheehan's Complaint alleges that he is a Massachusetts resident. (<u>See</u> Compl. ¶ 2.) The Plaintiff also alleges that Verizon is a Delaware corporation with a principal place of business in New York.[1] (<u>See</u> Compl. ¶3). Thus, there is complete diversity between Sheehan and Verizon, and this Court has subject matter jurisdiction over any dispute between them, pursuant to 28 U.S.C. § 1332. The Plaintiff has failed to allege the domiciles of any of the individual Defendants.

However, in addition to the failure to identify the domiciles of the individual Defendnats, Sheehan cannot defeat diversity by naming Cardinale, Damask, Driscoll, McGovern, Richelson, Toben and Wilder as defendants, because doing so constitutes a fraudulent joinder. <u>See</u> <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97 (1921); <u>Mills v. Allegiance Healthcare Corp.</u>, 178 F. Supp. 2d 1, 4-6 (D. Mass. 2001). As demonstrated in the Affidavits of Paul McGovern and Linda Richelson, being filed herewith, there is no possibility that the Plaintiff can state a cause of action against the individual Defendants in state court.[2] Although Sheehan filed a Charge of discrimination with the MCAD against Verizon, that Charge did not name Cardinale, Damask, Driscoll, McGovern, Richelson, Toben or Wilder as defendants. Nor did Sheehan file a separate Charge against the individual Defendants. And, while Richelson is identified in the MCAD Charge, she was not employed by Verizon at the time Verizon received the charge, and had no opportunity to review or respond to it.

---

[1] The entity that employed Sheehan at the time in question is actually Telesector Resources Group, Inc. (d/b/a Verizon Services Group) ("TRG"). TRG is also a Delaware corporation with a principal place of business in New York.

[2] Defendants will be filing a motion to dismiss, among other things, all of the individual defendants shortly.

Sheehan, therefore, has failed to exhaust his administrative remedies against Cardinale, Damask, Driscoll, McGovern, Richelson, Toben and Wilder, and cannot sue them under either Mass. Gen. Laws ch.151B, §§ 4(1) and 4(16A), or ch. 214, § 1C.  See Mass. Gen. Laws ch. 151B, § 5, ch. 214, § 1C; Clarke v. Kentucky Fried Chicken of Calif., Inc., 57 F.3d 21, 29 (1st Cir. 1995).[3]  Nor can he sue the individual Defendants for negligent supervision and aiding and abetting another in violation of Mass. Gen. Laws. ch. 151B, since those claims are preempted by Chapter 151B.  See Mass. Gen. Laws ch.151B, § 9; Green v. Wyman-Gordon Co., 422 Mass. 551, 555 (1996); Dorn v. Astra USA, 975 F. Supp. 388, 395 (D. Mass. 1997).  Consequently, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

3.  Timeliness of Notice of Removal.

Defendants first received notice of the Complaint when their counsel accepted service of the Summons and a copy of the Complaint on October 7, 2004.[4]  Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

4.  Relief Requested.

Defendants request that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action.  Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendants are attached as Exhibit A.  Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' Local Rule 81.1 Statement.

---

[3] The statute of limitations also has expired on any claims that Sheehan might purport to have against Cardinale, Damask, Driscoll, McGovern, Richelson, Toben and Wilder for sexual harassment.  According to his MCAD Charge, the most recent discriminatory action took place on March 14, 2002.  At the time, the statute of limitations for asserting a claim of sexual harassment before the MCAD was six months, and while the law has since been amended to expand the statute of limitations to 300 days, Mass. Gen. Laws ch.151B, § 5, as amended by St. 2002, c. 223, § 1, Sheehan's claim against all of the individual Defendants would be untimely under either standard.

[4] Except for Defendant Richelson, who was not represented by counsel at the time.  Richelson has yet to be served, but is now being represented by Edwards & Angell, LLP in this matter.

VERIZON COMMUNICATIONS, INC.,
LAURA CARDINALE, LISA DAMASK,
CAROLYN DRISCOLL, PAUL MCGOVERN,
DOREEN TOBEN, LINDA RICHELSON and
DOUG WILDER,

By their attorneys,

_____
Timothy P. Van Dyck, (BBO #548347)
Windy L. Rosebush, (BBO #636962)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

Dated: November 8, 2004

## CERTIFICATE OF SERVICE

I, Timothy P. Van Dyck, hereby certify that on this 8th day of November, 2004, I caused a copy of the foregoing document to be mailed via first-class mail, to Domenic Finelli, Esq., Barrister Hall, 199 Revere Street, Revere, MA 02151.

_____
Timothy P. Van Dyck

BOS_466453_1.DOC/WROSEBUSH