# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-3961

Erik Sheehan
_____, Plaintiff(s)

v.

Verizon Communications, Inc., Laura Cardinale, Lisa Damask, Carolyn Driscoll, Paul McGovern, Doreen Toben, & Doug Wilder
_____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Domenic Finelli, Esq. plaintiff's attorney, whose address is 199 Revere St., Revere, MA 02151, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the First day of October, in the year of our Lord two thousand and four.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                         SUPERIOR COURT
                                                     CIVIL DOCKET NO.

---

ERIK SHEEHAN,                                   )
    Plaintiff                                   )
                                                )
         v.                                     )    COMPLAINT
                                                )
VERIZON COMMUNICATIONS INC., LAURA CARDINALE,   )
LISA DAMASK, CAROLYN DRISCOLL, PAUL McGOVERN,   )
LINDA RICHELSON, DOREEN TOBEN and DOUG WILDER,  )
    Defendants                                  )

---

## INTRODUCTION

1.   This is an action brought by the Plaintiff Erik Sheehan ("Sheehan"), seeking legal and equitable restitution for the damages he sustained as a result of the Defendants, VERIZON COMMUNICATIONS INC.'s ("Verizon") Laura Cardinale ("Cardinale"), Lisa Damask ("Damask"), Carolyn Driscoll ("Driscoll"), Paul McGovern ("McGovern"), Linda Richelson ("Richelson"), Doreen Toben ("Toben"), Doug Wilder ("Wilder") or their agent or agents' negligent supervision, sexual harassment, sexual discrimination, retaliation, and aiding and abetting another in violation of Massachusetts General Law ch. 151B.

## PARTIES

2.   The Plaintiff is Erik Sheehan. He is a natural person residing at 250 Reservoir Avenue, Revere, Suffolk County, Massachusetts.

3. Defendant VERIZON COMMUNICATIONS INC. is a foreign corporation organized under the laws of the State of Delaware. Its principal office is located at 1095 Avenue of the Americas, New York, New York.

4. Defendant Laura Cardinale is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

5. Defendant Lisa Damask is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown.

6. Defendant Carolyn Driscoll is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

7. Defendant Paul McGovern is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

8. Defendant Linda Richelson is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

9. Defendant Doreen Toben is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

10. Defendant Doug Wilder is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

## JURISDICTION

11. This Court has subject matter jurisdiction pursuant to Mass. Gen. Laws ch. 151 s. 9.

12. This Court has personal jurisdiction over the Defendant because Verizon regularly conducts business within the Commonwealth including, but not limited to, operations located at 6 Bowdoin Square, Boston, Suffolk County, Massachusetts.

## FACTS

13. On or about April 2, 2001, Sheehan began work in the Compensation Administration department of Verizon.

14. Sheehan's immediate supervisor was Richelson.

15. During the events that are the subject of this claim, Cardinale supervised Richelson.

16. During the events that are the subject of this claim, Toben supervised Cardinale.

17. During the events that are the subject of this claim, McGovern was Verizon's EEOC Management Consultant.

18. During the events that are the subject to this claim, Wilder was a Vice President to whom Sheehan expressed his concerns.

19. Damask and Driscoll were members of the Human Resources Department at Verizon who participated in Sheehan's demotion.

20. Richelson was an agent of Verizon specifically charged with the management of Verizon employees including Sheehan.

21. Sheehan was the only male in his workgroup consisting of about forty people.

22. Richelson treated Sheehan differently from other employees because of his gender (male).

3

23. During the time that Richelson was Sheehan's supervisor, she created a hostile and abusive work environment for Sheehan both in public and in private.

24. Richelson targeted Sheehan for this harassment because of his gender (male).

25. During the time that Richelson was Sheehan's supervisor, Sheehan suffered adverse employment actions resulting from Richelson's animus towards Sheehan based on his gender.

26. Upon Sheehan's reporting of the harassment and discrimination to McGovern, Wilder, Cardinale, Driscoll, and Damask, Verizon and the individual Defendants retaliated with adverse employment action.

27 Sheehan again reported the mistreatment to McGovern, Wilder, Cardinale, Driscoll, and Damask, and the harassment intensified.

28. In the presence of Sheehan's colleagues, Richelson continuously belittled him.

29. On or about May 29, 2001, Richelson sent Sheehan an email which stated, "I do think there is a difference between a working man and a working mother, but that is because I am one and it is my personal bias."

30. On or about June 7, 2001, Richelson stated to Sheehan, "You remind me of my ex husband. I remember this time when we were picking out tables. I remember going around doing all the research at night while he was at work. Then when I told him about all the different types of wood and the benefits of each one, he sat back and said let's get this one. Bullshit! I did all the research; I'm going to pick out the fucking table, not him. I'm out there doing all the work; I'm going to pick out the fucking table, not him. I'm out there doing all the work; I'm going to pick the table. And for you, I'm the boss, I'll make all the decisions not you and I'm going to show you." Richelson made this statement after expressing her hostility and hatred towards her ex-husband on numerous occasions.

31. On or about June 7, 2001, Richelson threatened to demote Sheehan as soon as she could find a qualified **female** to take his job.

32. On or about August 9, 2001, during a meeting, Richelson insinuated through a hand gesture that Sheehan suffered from alcoholism.

33. On or about August 15, 2001, Richelson stated to Sheehan, "My ex-husband was just like you. He used to procrastinate all day and then he would get out of bed in the middle of the night, because he forgot to take care of something and he'd be up all night trying to finish whatever he put off and didn't get done during the day. Maybe you're not like him, but you remind me of him. I'm not happy."

34. On or about August 29, 2001, Denise English, a colleague of Sheehan's, sent an e-mail to Cardinale expressing English's concern about Richelson's treatment of Sheehan and its effects on Sheehan.

35. On or about October 30, 2001, Richelson sent an e-mail to Vice President Laura Cardinale ("Cardinale"), Cardinale's female staff, and Richelson's female staff and team members detailing her anger quotient towards men.

36. On or about December 9, 2001, Sheehan reported Richelson's behavior and Verizon launched an internal investigation.

37. On or about December 14, 2001, Richelson assaulted and battered Sheehan while the two were at work during normal working hours.

38. On or about December 14, 2001, Sheehan notified Wilder about the assault and battery and requested that action to be taken.

5

39. On or about January 10, 2002, Richelson sent an e-mail to Linda Digiglio ("Digiglio"), a fellow Verizon employee, in which Richelson offered to pay Digiglio for Digiglio's "help" in the on-going internal investigation of Sheehan's claims.

40. During the course of the internal investigation into Sheehan's claims of harassment and discrimination, Tracy Masiello ("Masiello") a fellow employee who was a top performer and the most qualified person in the work group offered to testify on his behalf.

41. Shortly after and because Masiello came forward on Sheehan's behalf, she was terminated under the guise of a workforce reduction. Masiello's position was immediately refilled and no reduction in workforce occurred.

42. On or about March 14, 2002, Richelson falsified eleven (11) company documents that she used to fabricate a negative employee evaluation form for Sheehan which resulted in adverse employment action.

43. Said employee evaluation form did not reflect Sheehan's actual performance but was created out of Richelson's animus towards Sheehan as a male.[1]

44. As a result of Sheehan's decision to pursue his claim and because of the discriminatory animus of Richelson, Sheehan was demoted twice and transferred to a different department constituting adverse employment actions.

45. These demotions and other adverse employment actions resulted in significantly lower compensation for Sheehan and hindered his promotion to other opportunities.

46. On or about October 23, 2002, Sheehan filed a complaint with the Massachusetts Commission against Discrimination.

---

[1] In 2003, Sheehan was the top performer in his group.

6

47. On or about February 2, 2004, the Massachusetts Commission against Discrimination dismissed the complaint because an investigator failed to contact a witness that had been provided to the Massachusetts Commission against Discrimination.

48. Sheehan filed a timely appeal of the Massachusetts Commission against Discrimination's decision, submitting an affidavit of the witness among other supporting documentation.

49. On or about July 19, 2004, the Massachusetts Commission against Discrimination reversed its decision and found probable cause.

### COUNT I (Negligent Supervision) Against Verizon, Cardinale, and Toben

50. The Plaintiff hereby realleges and incorporates paragraphs one through forty-nine by reference.

51. Verizon, Cardinale, and Toben, as Plaintiff's employers, owe a legal duty to the Plaintiff to non-negligently manage others who control the Plaintiff's terms and conditions.

52. Richelson falsified documents and created dishonest evaluations of the Plaintiff which were used to make personnel decisions.

53. Verizon, Cardinale, and Toben were aware or should have been aware of the inaccurate evaluations fabricated by Richelson.

54. Verizon, Cardinale, and Toben did nothing to remove these bogus evaluations from Mr. Sheehan's file.

55. Verizon, Cardinale, and Toben allowed other employees to use the bogus evaluations to make decisions about the Plaintiff's terms and conditions of employment.

56. By doing so, Verizon, Cardinale and Toben breached the duty owed to the Plaintiff as described in paragraph fifty-one.

57. As a direct result of said breach, Sheehan was effectively demoted, did not receive compensation to which he would have otherwise been entitled, and suffered severe emotional distress which caused anxiety attacks, nose bleeds, hair loss, and severe weight gain.

## COUNT II (Sexual Discrimination) Against Verizon and Richelson

58. The Plaintiff hereby realleges and incorporates paragraphs one through fifty-seven by reference.

59. The Plaintiff suffered adverse employment actions while employed by the Defendant Verizon solely because of his gender.

60. Plaintiff's supervisor Richelson was motivated primarily by his gender and not by his work performance.

61. Therefore, the Defendant Verizon has violated Mass. Gen. Laws ch. 151B s. 4(1) and has discriminated against the Plaintiff in compensation or in terms, conditions or privileges of employment.

62. Said discrimination was willful and in knowing violation of Mass. Gen. Laws ch. 151B s. 4(1).

63. As a result of this discrimination, the Plaintiff has suffered lost income and other benefits of employment and severe emotional distress which caused anxiety attacks, nose bleeds, hair loss, and severe weight loss.

## COUNT III (Sexual Harassment) Against Verizon and Richelson

64. The Plaintiff hereby realleges and incorporates paragraphs one through sixty-three by reference.

65. The Plaintiff suffered a hostile work environment while Richelson was his supervisor.

66. Richelson targeted the Plaintiff because of his gender and her animus towards males.

67. Verizon failed to take the steps necessary to stop the harassment in a timely manner.

68. Therefore, Verizon and Richelson have violated Mass. Gen. Laws ch. 151B s. 4(16A) and engaged in sexual harassment of the Plaintiff.

69. Said sexual harassment was willful and in knowing violation of Mass. Gen. Laws ch. 151B s. 4(16A).

70. As a result of said sexual harassment, the Plaintiff suffered severe emotional distress which caused anxiety attacks, nose bleeds, hair loss, and severe weight loss.

### COUNT IV (Retaliation) Against All Defendants

71. The Plaintiff hereby realleges and incorporates paragraphs one through seventy by reference.

72. After Plaintiff complained of his treatment, Richelson, Verizon, McGovern, Damask, Driscoll, Cardinale, Wilder and Toben took or oversaw adverse employment actions against the Plaintiff in retaliation for his efforts to assert his rights.

73. Therefore, the Defendants violated Mass. Gen. Laws ch. 151B s. 4(4).

74. Said retaliation was willful and in knowing violation of Mass. Gen. Laws ch. 151B s. 4(4).

75. As a result of said retaliation, the Plaintiff suffered lost wages and other benefits of employment and severe emotional distress which caused anxiety attacks, nose bleeds, hair loss and severe weight gain.

### COUNT V (Aiding and Abetting Another in Violation of Mass. Gen. Laws. ch. 151B) Against All Defendants

76. The Plaintiff hereby realleges and incorporates paragraphs one through seventy-five by reference.

77. After the Plaintiff filed his internal complaint with supporting evidence, Verizon, Cardinale, Damask, Driscoll, McGovern, Toben and Wilder continued to allow Richelson to supervise the Plaintiff and to affect the terms and conditions of his employment.

78. Even though the other Defendants were aware of Richelson's long term history of harassment of and animus toward males, the Defendants allowed Richelson to continue behaving in that way.

79. Even though Defendants were aware of the animus behind Richelson's fabricated evaluation of Sheehan, the Defendants allowed and encouraged important decisions about the terms and conditions of Sheehan's employment to be based upon the dishonest evaluations.

80. The Defendants, or their agents, threatened the Plaintiff's colleagues who were going to provide evidence against the Defendants and their agents in an internal investigation.

81. The Defendants, or their agents, promised rewards to those who filed false and/or misleading information with the internal investigators assigned to the investigation of the Plaintiff's claims.

82. The Defendant Verizon's own investigation and subsequent statement to the Massachusetts Commission against Discrimination was an attempt to cover up discrimination, harassment and retaliation and to protect the Defendants from liability.

83. Therefore, the Defendants violated Mass. Gen. Laws ch. 151B s. 4(5).

84. Said aiding and abetting was willful and in knowing violation of Mass. Gen. Laws ch. 151B s. 4(5).

85. As a result of said violation of Mass. Gen. Laws ch. 151B s. 4(5), the Plaintiff suffered lost wages and other benefits of employment and severe emotional distress which caused anxiety attacks, nose bleeds, hair loss, and severe weight loss.

**WHEREFORE,** the Plaintiff respectfully requests that this Court find for the Plaintiff and:

(1) award damages to the Plaintiff for lost wages and other benefits of employment which includes promotions, bonuses, and status in an amount provided by the Court;

(2) award damages to the Plaintiff for emotional distress;

(3) award punitive damages to the Plaintiff for the Defendant's knowing and willful violation of his rights;

(4) award costs and reasonable attorneys' fees to the Plaintiff;

(5) restore the Plaintiff to his previous position and level.

(6) any other equitable or legal relief that the Court determines to be just.

**The Plaintiff requests a trial by jury for each and every count of his complaint.**

Respectfully submitted,

Erik Sheehan

By his attorney,

Domenic Finelli
Barrister Hall
199 Revere Street
Revere, MA  02151
(781) 286-1484
BBO#: 165450

**DATED:** 9/4/04

11