UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ERIK SHEEHAN,<br><br>           Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., LAURA CARDINALE, LISA DAMASK, CAROLYN DRISCOLL, PAUL McGOVERN, LINDA RICHELSON, DOREEN TOBEN and DOUG WILDER,<br><br>           Defendant. | Civil Action No. |

### DEFENDANT, VERIZON COMMUNICATIONS, INC.'S ANSWER TO THE PLAINTIFF'S COMPLAINT[1]

1. The allegations set forth in paragraph 1 of the Plaintiff's Complaint contain legal conclusions to which the Defendant need not reply. In the event that these allegations are construed to require a response, the Defendant denies the same.

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Plaintiff's Complaint and, therefore, calls upon Plaintiff to prove the same.

3. The Defendant admits that Verizon Communications, Inc. is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in New York, New York. The Defendant denies any and all remaining allegations contained in paragraph 3 of the Plaintiff's Complaint.

4. The Defendant admits that Laura Cardinale is a natural person. The Defendant denies any and all remaining allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. The Defendant admits that Lisa Damask is a natural person. The Defendant denies any and all remaining allegations contained in paragraph 5 of the Plaintiff's Complaint.

---

[1] This is a partial Answer to the Plaintiff's Complaint. The Defendant is answering only those Counts of the Complaint which are not addressed by its Motion to Dismiss filed simultaneously herewith. The individual Defendant' have moved to dismiss all claims against them, and therefore, this Answer is filed only on behalf of Verizon Communications, Inc.

6. The Defendant admits that Carolyn Driscoll is a natural person. The Defendant denies any and all remaining allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. The Defendant admits that Paul McGovern is a natural person. The Defendant denies any and all remaining allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. The Defendant admits that Linda Richelson is a natural person. The Defendant denies any and all remaining allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. The Defendant admits that Doreen Toben is a natural person. The Defendant denies any and all remaining allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. The Defendant admits that Doug Wilder is a natural person. The Defendant denies any and all remaining allegations contained in paragraph 10 of the Plaintiff's Complaint.

11. The allegations set forth in paragraph 11 of the Plaintiff's Complaint contain legal conclusions to which the Defendant need not reply. In the event that these allegations are construed to require a response, the Defendant denies the same.

12. The Defendant admits that it has an office at 6 Bowdoin Square, Boston, Suffolk County, Massachusetts. The remainder of the allegations set forth in paragraph 12 of the Plaintiff's Complaint contain legal conclusions to which the Defendant need not reply. In the event that these allegations are construed to require a response, the Defendant denies the same.

13. The Defendant admits that in April, 2001, Sheehan began working in the Compensation Administration-Internal Channels department of Verizon.

14. The Defendant admits that for some period of time Richelson was Sheehan's immediate supervisor.

15. The Defendant admits that for some period of time Richelson reported to Cardinale.

16. The Defendant admits that for some period of time Toben was Cardinale's skip level superior.

17. The Defendant admits the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. The Defendant admits that in or about December, 2001, Sheehan contacted Wilder, who was the Finance Vice President. The Defendant is unable to admit or deny the vague allegation that Sheehan "expressed his concerns," and therefore calls upon Plaintiff to prove the same.

19. The Defendant admits that Damask and Driscoll were members of the Human Resources Department at Verizon. The Defendant denies that Sheehan suffered a demotion.

20. The Defendant admits that at diverse dates and times Richelson was Sheehan's manager at Verizon.

21. The Defendant denies the allegations set forth in paragraph 21 of the Plaintiff's Complaint.

22. The Defendant denies the allegations set forth in paragraph 22 of the Plaintiff's Complaint.

23. The Defendant denies the allegations set forth in paragraph 23 of the Plaintiff's Complaint.

24. The Defendant denies the allegations set forth in paragraph 24 of the Plaintiff's Complaint.

25. The Defendant denies the allegations set forth in paragraph 25 of the Plaintiff's Complaint.

26. The Defendant denies the allegations set forth in paragraph 26 of the Plaintiff's Complaint.

27. The Defendant denies the allegations set forth in paragraph 27 of the Plaintiff's Complaint.

28. The Defendant denies the allegations set forth in paragraph 28 of the Plaintiff's Complaint.

29. The Defendant admits that on or about May 29, 2001 in response to an e-mail communication from Sheehan, Richelson sent Sheehan an e-mail correspondence, which correspondence speaks for itself.

30. The Defendant denies the allegations set forth in paragraph 30 of the Plaintiff's Complaint.

31. The Defendant denies the allegations set forth in paragraph 31 of the Plaintiff's Complaint.

32. The Defendant admits on information and belief that Richelson made a hand gesture at a meeting. The Defendant is without knowledge or information sufficient to form a belief as to the meaning or interpretation of the gesture as set forth in paragraph 32 of the Plaintiff's Complaint and, therefore, calls upon Plaintiff to prove same.

33. The Defendant denies the allegations set forth in paragraph 33 of the Plaintiff's Complaint.

34. The Defendant admits that on or about August 29, 2001 Denise English sent an e-mail communication to Cardinale, which correspondence speaks for itself.

35. The Defendant admits that on or about October 30, 2001, Richelson sent a response to an e-mail communication to Cardinale and an number of other recipients, which correspondence speaks for itself.

36. The Defendant admits the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37. The Defendant denies the allegations set forth in paragraph 37 of the Plaintiff's Complaint.

38. The Defendant admits that on or about December 14, 2001, Sheehan sent Wilder an e-mail communication alleging that an assault and batter had occurred.

39. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Plaintiff's Complaint and, therefore, calls upon Plaintiff to prove the same.

40. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Plaintiff's Complaint and, therefore, calls upon Plaintiff to prove the same.

41. The Defendant denies the allegations set forth in paragraph 41 of the Plaintiff's Complaint.

42. The Defendant denies the allegations set forth in paragraph 42 of the Plaintiff's Complaint.

43. The Defendant denies the allegations set forth in paragraph 43 of the Plaintiff's Complaint.

44. The Defendant denies the allegations set forth in paragraph 44 of the Plaintiff's Complaint.

45. The Defendant denies the allegations set forth in paragraph 45 of the Plaintiff's Complaint.

46. The Defendant admits that Sheehan filed a Charge of Discrimination ("Charge") against Verizon at the Massachusetts Commission Against Discrimination ("MCAD"), but denies that the Charge was filed on October 23, 2003.

47. The Defendant admits that on or about February 2, 2004, the MCAD dismissed Sheehan's Charge because "the Commission [was] unable to conclude that the information obtained establishe[d] a violation of the statutes."

48. The Defendant admits that Sheehan appealed the dismissal. The Defendant denies any and all remaining allegations contained in paragraph 48 of the Plaintiff's Complaint.

49. The Defendant admits the allegations contained in paragraph 49 of the Plaintiff's Complaint.

## COUNT I (paragraphs 50 – 57)

The Defendant has filed a Motion to Dismiss Count I of the Plaintiff's Complaint, therefore, no Answer is required as the Motion to Dismiss constitutes the Defendant's responsive pleading.

## COUNT II

58. The Defendant repeats and reavers fully herein its Answers to paragraphs one through fifty-seven of the Plaintiff's Complaint as if each were set forth here in its entirety.

59. The Defendant denies the allegations set forth in paragraph 59 of the Plaintiff's Complaint.

60. The Defendant denies the allegations set forth in paragraph 60 of the Plaintiff's Complaint.

61. The Defendant denies the allegations set forth in paragraph 61 of the Plaintiff's Complaint.

62. The Defendant denies the allegations set forth in paragraph 62 of the Plaintiff's Complaint.

63. The Defendant denies the allegations set forth in paragraph 63 of the Plaintiff's Complaint.

## COUNT III (paragraphs 64 – 70)

The Defendant has filed a Motion to Dismiss Count III of the Plaintiff's Complaint, therefore, no Answer is required as the Motion to Dismiss constitutes the Defendant's responsive pleading.

## COUNT IV

71. The Defendant repeats and reavers fully herein its Answers to paragraphs one through seventy of the Plaintiff's Complaint as if each were set forth here in its entirety.

72. The Defendant denies the allegations set forth in paragraph 72 of the Plaintiff's Complaint.

73. The Defendant denies the allegations set forth in paragraph 73 of the Plaintiff's Complaint.

74. The Defendant denies the allegations set forth in paragraph 74 of the Plaintiff's Complaint.

75. The Defendant denies the allegations set forth in paragraph 75 of the Plaintiff's Complaint.

## COUNT V (paragraphs 76 – 85)

The Defendant has filed a Motion to Dismiss Count V of the Plaintiff's Complaint, therefore, no Answer is required as the Motion to Dismiss constitutes the Defendant's responsive pleading.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against the Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot prevail because he was not a victim of sexual harassment or any other form of gender discrimination.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot prevail because he cannot demonstrate that he suffered an adverse employment action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's common law claims must fail because they are preempted by Mass. Gen. Laws ch. 151B.

BOS_BOS_466456_4.DOC/WROSEBUSH

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury as a result of the Defendant's alleged conduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff, by his own acts and omissions, is estopped to recover judgment against the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

All actions taken by the Defendant were for legitimate, nondiscriminatory reasons.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations and the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's claims are against individuals not named as respondents in the MCAD Charge, those claims are barred by Mass. Gen. Laws ch. 151B § 9 and 804 C.M.R. § 1.03(4), and should be dismissed.

Wherefore, the Defendant denies that the Plaintiff is entitled to any relief whatsoever as to the Defendant and requests that judgment enter on the Defendant's behalf, together with interest and costs.

### DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS

VERIZON COMMUNICATIONS, INC.,
LAURA CARDINALE, LISA DAMASK,
CAROLYN DRISCOLL, PAUL MCGOVERN,
DOREEN TOBEN, LINDA RICHELSON and
DOUG WILDER,

By their attorneys,


____/s/ Windy L. Rosebush_____
Timothy P. Van Dyck, (BBO #548347)
Windy L. Rosebush, (BBO #636962)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

Dated:  November 12, 2004

## CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that on this 12th day of November, 2004, I caused a copy of the foregoing document to be mailed via first-class mail, to Domenic Finelli, Esq., Barrister Hall, 199 Revere Street, Revere, MA  02151.

____/s/ Windy L. Rosebush_____