UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ERIK SHEEHAN,<br>             Plaintiff,<br>v.<br><br>VERIZON COMMUNICATIONS, INC., LAURA CARDINALE, LISA DAMSK, CAROLYN DRISCOLL, PAUL McGOVERN, LINDA RICHELSON, DOREEN TOBEN and DOUG WILDER,<br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANTS' PARTIAL MOTION TO DISMISS**

The Defendants hereby move to Dismiss the Plaintiff's Complaint in its entirety as to each of the Individual Defendants, Laura Cardinale ("Cardinale"), Lisa Damask ("Damask"), Carolyn Driscoll ("Driscoll"), Paul McGovern ("McGovern"), Linda Richelson ("Richelson"), Doreen Toben ("Toben") and Doug Wilder ("Wilder") (collectively "Individual Defendants") on the ground that the Plaintiff's failure to name the Individual Defendants as Respondents in the administrative proceeding at the Massachusetts Commission Against Discrimination ("MCAD") is an absolute bar to suit against the Individual Defendants pursuant to Mass. Gen. Laws ch. 151B § 9 and 804 C.M.R. § 1.03(4).

Verizon Communications, Inc. ("Verizon") also moves to Dismiss Counts I (Negligent Supervision), III (Sexual Harassment) and V (Aiding and Abetting Another to Violate Mass. Gen. Laws. ch. 151B)[1] along with the Individual Defendants named in Counts I, III, and V, on

---

[1] If the Defendants' Partial Motion to Dismiss is allowed in full, all that would remain of the Plaintiff's Complaint would be his claims against Verizon (only), which are set forth in Count II (Sexual Discrimination) and Count IV (Retaliation).

the grounds that the Plaintiff has failed to state a claim upon which relief may be granted, and they are entitled to dismissal of these Counts as a matter of law.

In support of their Motion, the Defendants rely upon the Memorandum of Law filed together with this Motion and incorporated herein.

VERIZON COMMUNICATIONS, INC.,
LAURA CARDINALE, LISA DAMASK,
CAROLYN DRISCOLL, PAUL MCGOVERN,
DOREEN TOBEN, LINDA RICHELSON AND
DOUG WILDER,

By their attorneys,

Dated: November 12, 2004

_____/s/ Windy L. Rosebush_____
Timothy P. Van Dyck, (BBO #548347)
Windy L. Rosebush, (BBO #636962)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Defendants request an oral argument on their Motion, and state that hearing on their Motion should not take more than 30 minutes.

_____/s/ Windy L. Rosebush_____

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), I, Windy L. Rosebush, hereby certify that, on November 11, 2004, I contacted Plaintiff's counsel, Dominic Finelli in a good faith attempt to resolve or narrow the issues presented in this Motion, and advised Attorney Finelli by voicemail that a Motion to Dismiss would be filed and served upon him on November 12, 2004 on the grounds set forth above unless a response was received indicating that the claims subject to the Motion would be voluntarily dismissed by the Plaintiff. On November 12, 2004, Paul Tuttle from Attorney Finelli's office called indicating that the Plaintiff would not assent to the Motion or voluntarily dismiss the claims subject to the Motion to Dismiss.

_____/s/ Windy L. Rosebush_____

### CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that on this 12th day of November, 2004, I caused a copy of the foregoing document to be served via first-class mail, to Domenic Finelli, Esq., Barrister Hall, 199 Revere Street, Revere, MA 02151.

_____/s/ Windy L. Rosebush_____