## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 12364 JLT  12

-----------------------------------------------------------------------------------

| | |
|---|---|
| **ERIK SHEEHAN,** | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **VERIZON COMMUNICATIONS, INC., LAURA** | ) |
| **CARDINALE, LISA DAMASK, CAROLYN DRISCOLL,** | ) |
| **PAUL McGOVERN, LINDA RICHELSON, DOREEN** | ) |
| **TOBEN, and DOUG WILDER,** | ) |
| **Defendants** | ) |

-----------------------------------------------------------------------------------

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF HIS MOTION TO REMAND THIS CASE
### TO THE SUPERIOR COURT OF MASSACHUSETTS

## I. INTRODUCTION

Now comes Erik Sheehan, the Plaintiff in the above-named action, appearing specially to challenge this Court's jurisdiction over the current matter while not submitting himself or this case to the Court's jurisdiction and hereby respectfully moves this Court to remand this action to the Superior Court of Massachusetts. As grounds therefore, the Plaintiff respectfully submits that the removal of this case was improper, as complete diversity does not exist.

## II. FACTS AND PROCEDURAL HISTORY

Over the course of several months, Mr. Sheehan was the victim of sexual harassment and discrimination while employed by Defendant Verizon Communications, Inc. ("Verizon"). After voluntarily dismissing his MCAD complaint, Mr. Sheehan filed a complaint in Suffolk Superior Court. Mr. Sheehan's complaint did not contain any Federal claims and consisted solely of

claims for violations of the common laws of Massachusetts and violation of Mass. Gen. Laws ch. 151B.

On November 8, 2004, the Defendants filed a Notice of Removal alleging complete diversity of citizenship and fraudulent joinder.

## III. ARGUMENT

Federal diversity jurisdiction arises when there is complete diversity of citizenship between the Plaintiffs and the Defendants. 28 U.S.C. s. 1332. If even one Defendant and one Plaintiff are domiciled in the same state, diversity jurisdiction is defeated. Id.; Stranbridge v. Curtiss 7 U.S. 267 (1806).

In the present case, diversity exists between Sheehan and Verizon. However, diversity does not exist between Sheehan and the other individual Defendants. When Sheehan filed his complaint, he was not aware of the addresses of the individual Defendants, though at least some are known to reside within the Commonwealth thus defeating diversity. The Defendant does not contend that diversity would exist if the individual Defendants remain in this case.

In their Notice of Removal, the Defendants allege fraudulent joinder of the individual Defendants. The Defendants state that "there is no possibility that the Plaintiff can state a cause of action against the individual Defendants in state court." Notice of Removal p.2. This is simply not true. The Defendants assert that the Plaintiff is barred from naming the individual Defendants in this case because they were not named respondents in the MCAD charge.

Chapter 151B of the Massachusetts General Laws is designed to free the citizens of the Commonwealth from all forms of discrimination and harassment based on prejudices against certain groups including gender. Mass. Gen. Laws ch. 151B. Courts should construe this chapter liberally to meet its worthy aims of implementing the right to equal treatment as the

legislature guaranteed it to each citizen of the Commonwealth. <u>Katz v. MCAD</u>, 365 Mass. 357 (Mass. 1974).

While the Defendants' proposition that all claims arising under Mass. General Laws ch. 151B begin with the filing of a charge of discrimination with the MCAD is true, the Defendants wrongfully assert that only named respondents in the MCAD case are subject to civil litigation arising from the claim.

It is well-settled law that plaintiffs availing themselves of the civil relief available from the Courts for injuries sustained by another's violation of Chapter 151B must first pursue administrative conciliation through the MCAD. Mass. Gen. Laws ch. 151B ss. 4(1), 4(16A); 9; <u>Green v. Wyman-Gordon Co.</u>, 422 Mass. 551, 555 (Mass. 1996); <u>Charland v. Muzi Motors, Inc.</u>, 417 Mass 580, 585 (Mass. 1994); <u>Clark v. Kentucky Fried Chicken of California, Inc.</u> 57 F.3d 21, 26 (1st Cir. 1995).

It is also well-settled law that plaintiffs need not have named a Defendant as a Respondent in the MCAD charge. <u>Chatman v. Gentle Dental Center of Waltham</u>, 973 F. Supp. 228, 234 (D. Mass 1997). According to the "scope of investigation rule," the Court has ruled that, "failure to name a party as a respondent in a charge filed with the MCAD does not preclude a later civil action against that party if the conduct of the party was put in issue by the charge and the party had notice of and an opportunity to conciliate the charge." <u>Id.</u> at 235; <u>Winters v. ADAP, Inc.</u>, 76 F. Supp. 2d 89, 93 (D.Mass. 1999); <u>Fink v. Printed Circuit Corp.</u>, 204 F. Supp. 2d 119, 129 (D. Mass. 2002). Moreover, "'[a]ccording to the so-called scope of investigation rule, the exact wording of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow.'" <u>Davis v. Lucent Technologies, Inc.</u>, 251 F.3d 227 (1st Cir. 2001) *quoting* <u>Conroy v. Boston Edison Co.</u>, 758 F. Supp. 54, 58 (D. Mass. 1991).

When citing case law on this point, the Defendants studiously avoided any case where the plaintiff had filed any complaint at all with the MCAD.  Charland 417 Mass.at 580; Green 422 Mass. at 551; Clark 57 F.3d at 24.  Therefore, the Defendants assertion that the law requires each defendant be named as a respondent in the charge filed with the MCAD is false and based on irrelevant cases.

In the present case, it is true that only the employer was named as a respondent in the charges filed with the MCAD.  However, as demonstrated through the complaint, the actions of each Defendant formed the basis of the allegations originally brought before the MCAD.  Each and every individual Defendant was given notice of the charges through the subsequent investigation processes conducted both by the MCAD and by Verizon.  Complaint.  In fact, Defendant Paul McGovern's Affidavit submitted in support of the Defendants' Notice of Removal states, "I received and responded to the Charge of Discrimination ("Charge") filed by Erik Sheehan ("Sheehan") with the MCAD against Verizon on November 6, 2002."  Affidavit of Paul McGovern ¶ 4

The naming of the individual defendants does not constitute fraudulent joinder.  For the reasons stated above, the Plaintiff has a compensable claim against each and every named Defendant.  The Plaintiff has brought these claims to redress wrongs done to him by the named Defendants and not to defeat diversity.  He is not prohibited from pursuing these claims because they also happen to defeat diversity jurisdiction.  For these reasons, the Plaintiff can state a claim against each individual Defendant and therefore removal is improper because complete diversity between the parties does not exist.

## IV. CONCLUSION

Wherefore, the Plaintiff, Erik Sheehan, respectfully moves this Court to remand this case to the Superior Court for the Commonwealth of Massachusetts because this Court does not have jurisdiction over the claims contained within this action.

RESPECTFULLY SUBMITTED,

ERIK SHEEHAN

by his attorney,

Domenic Finelli
Barrister Hall
199 Revere Street
Revere, MA  02151
Phone: (781) 286-1484
Fax: (781) 289-0410
BBO No.: 165450

DATED: November 29, 2004

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Plaintiff requests an oral argument on his Motion, and states that hearing on his Motion should not take more than thirty (30) minutes.

Domenic Finelli, Attorney for Plaintiff

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), I, Domenic Finelli, hereby certify that, on November 29, 2004, my office contacted Defendants' counsel, Windy L. Rosebush in a good faith attempt

to resolve or narrow the issues presented in this Motion. Attorney Rosebush indicated that the Defendants would not assent to the Plaintiff's Motion to Remand.

_____
Domenic Finelli, Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Domenic Finelli, Attorney for the Plaintiff, hereby certify on this 29th day of November, 2004, I caused a copy of the foregoing document to be served via first-class mail, to Windy L. Rosebush, Esq., Edwards & Angell, LLP, 101 Federal Street, Boston, MA 02110.

_____
Domenic Finelli, Attorney for the Plaintiff