UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 12364 JLT

---

ERIK SHEEHAN,                                    )
    Plaintiff                                    )
                                                 )
    v.                                           )
                                                 )
VERIZON COMMUNICATIONS, INC., LAURA              )
CARDINALE, LISA DAMASK, CAROLYN DRISCOLL,        )
PAUL McGOVERN, LINDA RICHELSON, DOREEN           )
TOBEN, and DOUG WILDER,                          )
    Defendants                                   )

---

### PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO THE DEFENDANTS' PARTIAL MOTION TO DISMISS

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

The Plaintiff ("Sheehan") hereby opposes the Defendants' Partial Motion to Dismiss. As to the individual Defendants, the Plaintiff did not name each of them as Respondents on his charges filed with the Massachusetts Commission Against Discrimination ("MCAD"); however, the Plaintiff did exhaust his administrative remedies sufficiently for this action to stand against the Defendants now moving for dismissal. Moreover, Mr. Sheehan claims against Defendant Verizon Communications Inc. ("Verizon") which Verizon seeks to dismiss are also colorable claims and should survive the Defendants' Partial Motion to Dismiss for the reasons stated below.

The Defendant correctly summarizes the procedural history of this case and the proper standard of review in their Memorandum of Law in Support of Their Partial Motion to Dismiss.

## II. FACTS

In his opposition to the Defendants' Partial Motion to Dismiss, the Plaintiff, as he must, relies on the facts alleged in his complaint. Where the facts alleged in his complaint contradict the facts alleged by the Defendants in their Memorandum of Law, the Plaintiff wishes to continue to assert the facts exactly as alleged in the complaint.

## III. ARGUMENT

### A. This Court Should Not Dismiss All Counts Pertaining to the Individual Defendants Because They Were Given Notice of this Claim and Had an Opportunity to Participate in the MCAD's Conciliation Process.

Chapter 151B of the Massachusetts General Laws is designed to free the citizens of the Commonwealth from all forms of discrimination and harassment based on prejudices against certain groups including gender. Mass. Gen. Laws ch. 151B. Courts should construe this chapter liberally to meet its worthy aims of implementing the right to equal treatment as the legislature guaranteed it to each citizen of the Commonwealth. Katz v. MCAD, 365 Mass. 357 (Mass. 1974).

While the Defendants' proposition that all claims arising under Mass. General Laws ch. 151B begin with the filing of a charge of discrimination with the MCAD is true, the Defendants wrongfully assert that only named respondents in the MCAD case are subject to civil litigation arising from the claim.

It is well-settled law that plaintiffs availing themselves of the civil relief available from the Courts for injuries sustained by another's violation of Chapter 151B must first pursue administrative conciliation through the MCAD. Mass. Gen. Laws ch. 151B ss. 4(1), 4(16A); 9; Green v. Wyman-Gordon Co., 422 Mass. 551, 555 (Mass. 1996); Charland v. Muzi Motors, Inc.,

417 Mass 580, 585 (Mass. 1994); Clark v. Kentucky Fried Chicken of California, Inc. 57 F.3d 21, 26 (1st Cir. 1995).

It is also well-settled law that plaintiffs need not have named a Defendant as a Respondent in the MCAD charge. Chatman v. Gentle Dental Center of Waltham, 973 F. Supp. 228, 234 (D. Mass 1997). According to the "scope of investigation rule," the Court has ruled that, "failure to name a party as a respondent in a charge filed with the MCAD does not preclude a later civil action against that party if the conduct of the party was put in issue by the charge and the party had notice of and an opportunity to conciliate the charge." Id. at 235; Winters v. ADAP, Inc., 76 F. Supp. 2d 89, 93 (D.Mass. 1999); Fink v. Printed Circuit Corp., 204 F. Supp. 2d 119, 129 (D. Mass. 2004). Moreover, "'[a]ccording to the so-called scope of investigation rule, the exact wording of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow.'" Davis v. Lucent Technologies, Inc., 251 F.3d 227 (1st Cir. 2001) *quoting* Conroy v. Boston Edison Co., 758 F. Supp. 54, 58 (D. Mass. 1991).

When citing case law on this point in their Memorandum of Law, the Defendants studiously avoided any case where the plaintiff had filed any complaint at all with the MCAD. Charland 417 Mass.at 580; Green 422 Mass. at 551; Clark 57 F.3d at 24. Therefore, the Defendants' assertion that the law requires each defendant be named as a respondent in the charge filed with the MCAD is false and based on irrelevant cases.

In the present case, it is true that only the employer was named as a respondent in the charges filed with the MCAD. However, as demonstrated through the complaint, the actions of each Defendant formed the basis of the allegations originally brought before the MCAD. Each and every individual Defendant was given notice of the charges through the subsequent investigation processes conducted both by the MCAD and by Verizon. Complaint. In fact,

Defendant Paul McGovern's Affidavit submitted in support of the Defendants' Notice of Removal states, "I received and responded to the Charge of Discrimination ("Charge") filed by Erik Sheehan ("Sheehan") with the MCAD against Verizon on November 6, 2002." Affidavit of Paul McGovern ¶ 4.

Therefore, it is clear that this Court should deny each individual Defendant's request for dismissal from this action. Sheehan has followed the procedures outlined in Chapter 151B to ripen this civil action.

### B. This Court Should Deny the Defendants' Motion to Dismiss the Negligent Supervision Claim.[1]

This Court should deny the Defendants' Motion to Dismiss the Negligent Supervision Claim because Chapter 151B does not pre-empt tort claims in existence at the time that law was passed and because the Worker's Compensation scheme is not the proper redress for the type of injury sustained by the Plaintiff.

    1.    Mass. Gen. Laws ch. 151B Does Not Defeat Sheehan's Count for Negligent Supervision.

The Defendants in their memorandum quote Choroszy v. Wentworth Institute of Technology, 915 F. Supp. 446, 451 (D. Mass. 1996): "'where applicable, the exclusive remedy for employment discrimination not based on **preexisting** tort law or constitutional protections, and that the . . . failure to adhere to the requirements of G.L. c. 151B require[s] the dismissal of [the] complaint." *Emphasis added.*

In the present case, the tort claim preexisted the employment discrimination claim, and Sheehan followed the requirements of G.L. c. 151B as stated above. Therefore, the limited

---

[1] The Plaintiff assumes that if the individual Defendants are unsuccessful in their motion to dismiss for failure to exhaust the administrative remedies available through the MCAD, they would join Verizon's other grounds for dismissal where applicable and responds thusly.

exclusivity of Mass. Gen. Laws ch. 151B does not apply to Sheehan's claim for negligent supervision. Therefore, Mass. Gen. Laws ch. 151B does not bar this claim.

       2.     The Worker's Compensation Scheme is Not the Correct Avenue for Compensation for this Type of Injury

The Defendants correctly summarize the law regarding preemption of personal injury claims against an employer by the Workers' Compensation Act. Moreover, the Defendants correctly cite the definition of "personal injury" in relation to that act: "mental or emotional disabilities where a significant contributing cause of such disability is an event or series of events occurring within the employment period." Mass. Gen Laws ch. 152 s. 1(7A); Defendant's Memorandum of Law in Support of Their Partial Motion to Dismiss, p. 12.

However, the damages suffered by the Plaintiff as a result of the Defendants' negligent supervision extend beyond the emotional and mental injuries suffered by Sheehan. The damages include adverse employment actions described in the complaint, which are best categorized as financial injury. If an employer's negligence resulted in an employee stealing another employee's wallet, could the victim seek compensation under the Workers' Compensation Act? It is unlikely. Not surprisingly, there is no case law on this point because no victim would think of filing a workers' compensation claim. In this case, the financial and personal injuries are intertwined and should be examined by this Court simultaneously.

       3.     Verizon Owes a Duty to Supervise Its Employees Runs to Sheehan and the General Public.

The Defendants owe a duty to Sheehan to refrain from negligent supervision of the Defendants' employees. While courts have found this particular type of claim "troublesome" as the Defendants' Memorandum of Law suggests, this troublesome nature does not necessarily bar such a claim. Choroszy 915 F. Supp. at 450. Much of the trouble lies in the seeming overlap

with the Workers' Compensation Act. For the aforementioned reasons, the Workers' Compensation Act, while somewhat relevant to the case at bar, is not decisive of the outcome of this case. Therefore, the Negligent Supervision claim against the Defendants should stand.

C. **This Court Should Deny the Defendants' Motion to Dismiss Sheehan's Sexual Harassment Claim.**

Sheehan has alleged facts sufficient to sustain a claim for sexual harassment, and this Court should deny Defendants' motion to dismiss this claim. Besides the *quid pro quo* type of sexual harassment described by the Defendants in their motion to dismiss, there exists another type of sexual harassment actionable under Mass. Gen. Laws ch. 151B. Mass. Gen. Laws ch. 151B s. 4(1); Ruffino v. State Street Bank and Trust Co., 908 F. Supp. 1019, 1036 (D. Mass. 1995).

"A claim for sexual harassment will be where the offensive conduct is based on the employee's sex, is unwelcome, and is sufficiently severe or pervasive to interfere with the employee's job performance or to create an abusive work environment." Id. at 1036. A defendant has committed sexual harassment when the defendant's conduct "created a barrier, based solely on gender, to [a plaintiff's] full and untrammeled participation in the workplace." College-Town Division of Interco v. MCAD, 400 Mass. 156, 162 (Mass. 1987). "A prima facie showing of a hostile work environment requires the plaintiff to demonstrate that (i) [he] was subjected to unwelcome, unwanted harassment (which is either sexual in nature **or based upon [his] sex** and that (ii) the harassment was severe and pervasive enough to create an abusive environment, and (iii) about which [his] employer knew or should have known." Rose v. Baystate Medical Center, Inc., 985 F.Supp. 211, 217 (D. Mass. 1997) *emphasis added*.

In the present case, Sheehan has alleged facts sufficient to set out a prima facie case of sexual harassment. First, he was clearly subject to "unwelcome, unwanted harassment" which

-6-

was severe and pervasive enough to create an abusive environment. Nearly every allegation contained in Sheehan's complaint alleges this type of harassment. *see* Complaint ¶¶ 21-45. In fact, Verizon does not deny that Linda Richelson ("Richelson") harassed Sheehan; Verizon disputes the origin of the animus. However, when the situation is viewed as a whole, the comments made by Richelson and her actions demonstrate a bias against males which caused her abusive actions toward Mr. Sheehan. Richelson's conduct was extremely severe and prevented Sheehan from participating in the workforce. Richelson even went so far as to strike Sheehan physically. Complaint ¶ 37. Finally, Verizon and Richelson cannot claim that they were unaware of the harassment. Sheehan reported Richelson's behavior to several employees including several named Defendants. Complaint ¶¶ 26, 27, 34, 36, and 38.

For the aforementioned reasons, Sheehan has alleged facts sufficient to sustain a prima facie case of sexual harassment against Richelson and Verizon.

### C. This Court Should Deny the Defendants' Motion to Dismiss Count V of the Complaint.

The Defendants' Motion to Dismiss Count V (Aiding and Abetting) of the Complaint fails for two reasons: (1) it is based on the assumption that the counts against the individual Defendants would be dismissed and (2) whether or not Sheehan can proceed against the individual Defendants because of an alleged procedural defect does not affect the individual Defendants' actual violation of Mass. Gen. Laws ch. 151B.

For the reasons stated above, this Court should not dismiss the counts against the individual Defendants. Therefore, because the Defendants' Motion to Dismiss Count V is based on the dismissal of the individual Defendants, this Court should reject this aspect of the Defendants' Partial Motion to Dismiss as well.

Moreover, whether or not Sheehan's claims against the individual Defendants is barred by a procedural defect, the claim for aiding and abetting applies to the substantive violations of Chapter 151B by the individual Defendants. If the principal of a tort or crime dies before the trial so that the underlying claim cannot proceed, the abettor would not be free from liability. Similarly, in the case at bar, the substantive allegations of violation of Mass. Gen. Laws ch. 151B form a sufficient basis to justify a claim for aiding and abetting against Verizon and all of the other Defendants. Therefore, this Court should deny the Defendants' Motion to Dismiss Count V of the Complaint.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny the Defendants' Partial Motion to Dismiss.

RESPECTFULLY SUBMITTED,

ERIK SHEEHAN

by his attorney,

_____
Domenic Finelli
Barrister Hall
199 Revere Street
Revere, MA  02151
Phone: (781) 286-1484
Fax: (781) 289-0410
BBO No.: 165450

DATED: November 29, 2004

-9-

## CERTIFICATE OF SERVICE

I, Domenic Finelli, Attorney for the Plaintiff, hereby certify on this 29th day of November, 2004, I caused a copy of the foregoing document to be served via first-class mail, to Windy L. Rosebush, Esq., Edwards & Angell, LLP, 101 Federal Street, Boston, MA  02110.

*[signature]*

Domenic Finelli, Attorney for the Plaintiff