UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ERIK SHEEHAN,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., LAURA CARDINALE, LISA DAMASK, CAROLYN DRISCOLL, PAUL McGOVERN, LINDA RICHELSON, DOREEN TOBEN and DOUG WILDER,<br><br>        Defendants. | Civil Action No.<br>04-cv-12364-MLW |

## OPPOSITION TO THE PLAINTIFF'S MOTION TO REMAND

The Defendants, Verizon Communications, Inc. ("Verizon") and Laura Cardinale ("Cardinale"), Lisa Damask ("Damask"), Carolyn Driscoll ("Driscoll"), Paul McGovern ("McGovern"), Linda Richelson ("Richelson"), Doreen Toben ("Toben") and Doug Wilder ("Wilder")(collectively the "Individual Defendants"), oppose the Plaintiff's Motion to Remand on the grounds that the Plaintiff, Erik Sheehan ("Sheehan") has failed to demonstrate: 1) a lack of diversity with Verizon; 2) that the "scope of investigation" rule applies to the Sheehan's claim against the Individual Defendants; and 3) that Sheehan's Complaint alleges that the Individual Defendants were on notice of the MCAD Charge and had the opportunity to conciliate.[1]  Because complete diversity does exist between Sheehan and Verizon, the Motion to Remand should be denied.  Furthermore, as set forth in the Notice of Removal and the Motion to Dismiss, the Individual Defendants were fraudulently joined and the Plaintiff's claims against them should be

---

[1] Plaintiff's argument set forth in the Motion to Remand is identical (apparently a cut and paste) to the Plaintiff's argument made in Opposition to the Motion to Dismiss.  Therefore, Verizon does not repeat these arguments in a Reply to Plaintiff's Opposition to the Motion to Dismiss.

dismissed as a result of Sheehan's failure to name the Individual Defendants in the MCAD Charge, attached hereto as Exhibit A.[2]

## ARGUMENT

Sheehan has conceded the following in his Motion to Remand: "diversity exists between Sheehan and Verizon" but not the Individual Defendants (Motion to Remand, p. 2); he has failed to allege the domiciles of the Individual Defendants in his Complaint[3] (Motion to Remand, p. 2); and Verizon was the only Respondent named in the MCAD Charge (Motion to Remand, p. 4). Rather, Sheehan tries to defeat the Removal and the Motion to Dismiss by claiming that his failure to name the Individual Defendants as Respondents in the MCAD Charge is excused by the "scope of investigation rule." However, Sheehan's Complaint fails to allege that the Individual Defendants were on notice of the MCAD Charge and had the opportunity to conciliate. Moreover, he cannot demonstrate that the conduct of the Individual Defendants was "put in issue by the charge" or that the Individual Defendants had the "opportunity to conciliate the charge." See Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228, 235-36 (D. Mass. 1997). Therefore, the Individual Defendants are fraudulently joined, and the Motion to Remand should be denied.

**I.   THE COMPLAINT'S FAILURE TO ALLEGE NOTICE TO THE INDIVIDUAL DEFENDANTS AND AN OPPORTUNITY TO CONCILIATE, IS FATAL TO THE PLAINTIFF'S CLAIMS AGAINST THEM.**

As Chatman makes clear, where a complaint does not "allege that the individual defendants had notice of the MCAD Charge and an opportunity to conciliate it" and where those

---

[2] The MCAD Charge is a public record and is referred to in Sheehan's Complaint; therefore, the Court can take it into consideration in deciding the Motion to Remand and the Motion to Dismiss filed by the Defendants. See Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228, 232, n.6 (D. Mass. 1997).

[3] Sheehan's Motion to Remand also fails to allege which of the Defendants is domiciled in Massachusetts, stating simply that "at least some [of the Defendants] are known to reside within the Commonwealth thus defeating diversity."

allegations "cannot be reasonably inferred from allegations in the complaint," the claims against the Individual Defendants must be dismissed. 973 F.Supp. at 236. See also Fink v. Printed Circuit Corp., 204 F.Supp.2d 119, 129 (D. Mass. 2002)(dismissing complaint where plaintiff failed to name the individual defendants as respondents or "mention" them in the MCAD charge, and where the complaint failed to allege notice and the opportunity to conciliate).

Conspicuously lacking from Sheehan's Complaint are any allegations that the Individual Defendants had notice of the MCAD Charge and that they had an opportunity to conciliate it. See generally, Complaint, attached hereto as Exhibit B.  This omission is fatal to Sheehan's claims against the Individual Defendants because Sheehan also failed to name the Individual Defendants as respondents in the MCAD Charge, and he cannot otherwise demonstrate notice to the Individual Defendants or an opportunity to conciliate from the face of the MCAD Charge. Fink, 204 F.Supp.2d at 129; Chatman, 973 F.Supp. at 236.

## II.    THE "SCOPE OF INVESTIGATION" RULE DOES NOT APPLY TO THE PLAINTIFF'S CLAIM AGAINST THE INDIVIDUAL DEFENDANTS.

Sheehan appears to be confusing two legal theories in his Motion to Remand: the "scope of investigation" rule and the requirement that a plaintiff identify each defendant against whom suit is brought in the MCAD Charge.  The "scope of investigation" rule is one of several "doctrines of Massachusetts law that operate to convert otherwise untimely claims to claims properly filed for purposes of MCAD exhaustion." Davis v. Lucent Technologies, Inc., 251 F.3d 227, 232-33 (1st Cir. 2001).  The rule "reflects the idea 'that the scope of a civil action is not determined by the specific language of the charge filed with the agency, but rather, may encompass acts of discrimination which the MCAD investigation could reasonably be expected to uncover." Davis, 251 F.3d at 233.  Here, the Individual Defendants are not alleging that particular claims in the Complaint are barred because they were not set forth in sufficient detail

in the MCAD Charge.  Rather, the Individual Defendants assert that they are not proper parties to Sheehan's suit because he did not name them as respondents or otherwise identify them in the MCAD Charge, and therefore, denied them the opportunity to conciliate Sheehan's claims against them individually.

It is uncontested that Sheehan did not name the Individual Defendants as respondents in the MCAD Charge.  See, Motion to Remand, p. 4; and see generally MCAD Charge, attached hereto as Exhibit A and Complaint, attached hereto as Exhibit B.  Therefore, the *only* issue before the Court is whether the Individual Defendants have been properly identified as "wrongdoers" in the MCAD Charge, such that: 1) the Individual Defendants had notice of the MCAD Charge; 2) their conduct was put at issue within the body of the MCAD Charge; and 3) they had the opportunity to conciliate at the MCAD. Winters v. ADAP, Inc., 76 F.Supp.2d 89, 93-4 (D. Mass. 1999); Chatman, 973 F.Supp. at 235.

Sheehan's MCAD Charge simply fails to meet that standard articulated in Winters and Chatman.  In stark contrast to this case, in Chatman, the plaintiff specified on the first page of the charge that she was naming the employer and "the supervisors/partners" of the defendant/respondent employer. 973 F.Supp. at 231.  She then went on to "set out in detail the conduct of the individual defendants which she claims constituted discrimination and harassment" in the body of her charge. Id. at 236.  Therefore, the Court determined that the plaintiff properly put the conduct of the individual defendants at issue.[4]

In Winters, the individual defendant was a parent corporation which was named in the body of the MCAD Charge as the parent to the plaintiff's employer.  Furthermore, the parent corporation was represented by the same counsel as the subsidiary-respondent, had received all

---

[4] What the Plaintiff in Chatman failed to do -- as Sheehan has failed to do in his Complaint -- is alleged that these individuals had notice of an opportunity to conciliate the charge.  Therefore, the Court dismissed the complaint, which is appropriate in this case as well. 973 F.Supp. at 236; See Argument, § I, supra.

of the MCAD pleadings, knew about the claimant's allegations, attended the MCAD proceedings, and had its interests represented at the MCAD by counsel. 76 F.Supp.2d at 94.

Sheehan's MCAD Charge identifies only one of the Individual Defendants, Richelson, by name. However, Verizon did not employ Richelson at the time the MCAD Charge was leveled or investigated, so she had no notice or opportunity to conciliate. See Affidavit of Linda Richelson ("Richelson Affidavit") filed with the Notice of Removal and the Motion to Dismiss, ¶¶ 2-7. Furthermore, her interests were not represented because she was not employed by Verizon during the investigation and MCAD proceedings, did not receive the MCAD Charge, did not attend the MCAD proceedings, and was not represented by Verizon or its counsel at the administrative level. See Winters, 76 F.Supp.2d at 94; Richelson Affidavit, ¶¶ 2-7. None of this is disputed by Sheehan.

Furthermore, none of the other Individual Defendants are identified by name, nor are they accused of any act of discrimination. In fact, Sheehan's conclusory paragraph is devoid of any reference to these Defendants at all, referring to the Respondent, Verizon, in the singular. Sheehan states:

> I believe I have been discriminated against because of my gender in that Linda [Richelson] often made comments that I reminded her of her ex-husband; set me up on many occasions to fail; harassed me, wrote a false evaluation on me, and denied me my rightful raise. The Respondent [Verizon] found her guilty of said crimes but to date, refuses to correct my situation.

MCAD Charge, Exhibit A. (emphasis added)

Cardinale, Damask, Driscoll, McGovern, Toben and Wilder are not named either as Respondents or identified in the body of the MCAD Charge. Therefore, their conduct was not put in issue, they were not put on notice of the MCAD Charge against them, and they did not

have an opportunity to conciliate the individual claims raised against them for the first time in Sheehan's Complaint.

As such, the "scope of investigation rule" cited by the Plaintiff is inapplicable and is a red herring. The Individual Defendants (who should be dismissed from this case due to Sheehan's failure to exhaust his administrative remedies[5]) are not properly named parties; rather they were fraudulently joined in a futile attempt to defeat diversity. The Motion to Remand, therefore, should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Plaintiff's Motion for Remand be denied and that this Court exercise its diversity jurisdiction over this matter. Because Verizon is the only Respondent that was named in the Plaintiff's MCAD Charge or had notice and an opportunity to conciliate, it is the only properly named Defendant in the Plaintiff's Complaint. The Defendants also respectfully request that, because the claims against the Individual Defendants were fraudulently joined with the claims against Verizon in order to defeat this Court's diversity jurisdiction, that the Court dismiss the Individual Defendants as set forth in the Defendants' Motion to Dismiss.

    /s/ Windy L. Rosebush _____
Timothy P. Van Dyck, (BBO #548347)
Windy L. Rosebush, (BBO #636962)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

Dated:  December 6, 2004

---

[5] See Defendants' Motion to Dismiss, previously filed with the Court.

- 7 -

## CERTIFICATE OF SERVICE

    I, Windy L. Rosebush, hereby certify that on this 6th day of December, 2004, I filed this document with the Court electronically and on the 7th day of December, 2004 caused a copy of the foregoing document to be mailed via first-class mail, to Domenic Finelli, Esq., Barrister Hall, 199 Revere Street, Revere, MA 02151.

                                ____/s/ Windy L. Rosebush_____