*Suffolk Superior Civil # 04-3961*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIK SHEEHAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON COMMUNICATIONS, INC., LAURA )<br>CARDINALE, LISA DAMASK, CAROLYN DRISCOLL, )<br>PAUL McGOVERN, LINDA RICHELSON, DOREEN )<br>TOBEN and DOUG WILDER, )<br>)<br>Defendants. )<br>) | 04 12364 JLT<br>Civil Action No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Verizon Communications, Inc. ("Verizon"), Laura Cardinale ("Cardinale"), Lisa Damask ("Damask"), Carolyn Driscoll ("Driscoll"), Paul McGovern ("McGovern"), Linda Richelson ("Richelson"), Doreen Toben ("Toben") and Doug Wilder ("Wilder")(collectively "Defendants") hereby file this Notice of Removal. In connection therewith, the Defendants state as follows:

1.   **State Court Action**

Plaintiff Erik Sheehan ("Sheehan") sued the Defendants for negligent supervision, sexual harassment, sexual discrimination, retaliation, and aiding and abetting another in violation of Mass. Gen. Laws. ch. 151B in the Superior Court of the Commonwealth of Massachusetts for Suffolk County, Civil Action No. 2004-03961.

2.  Federal Jurisdiction

Sheehan's Complaint alleges that he is a Massachusetts resident. (See Compl. ¶ 2.) The Plaintiff also alleges that Verizon is a Delaware corporation with a principal place of business in New York.[1] (See Compl. ¶3). Thus, there is complete diversity between Sheehan and Verizon, and this Court has subject matter jurisdiction over any dispute between them, pursuant to 28 U.S.C. § 1332. The Plaintiff has failed to allege the domiciles of any of the individual Defendants.

However, in addition to the failure to identify the domiciles of the individual Defendnats, Sheehan cannot defeat diversity by naming Cardinale, Damask, Driscoll, McGovern, Richelson, Toben and Wilder as defendants, because doing so constitutes a fraudulent joinder. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4-6 (D. Mass. 2001). As demonstrated in the Affidavits of Paul McGovern and Linda Richelson, being filed herewith, there is no possibility that the Plaintiff can state a cause of action against the individual Defendants in state court.[2] Although Sheehan filed a Charge of discrimination with the MCAD against Verizon, that Charge did not name Cardinale, Damask, Driscoll, McGovern, Richelson, Toben or Wilder as defendants. Nor did Sheehan file a separate Charge against the individual Defendants. And, while Richelson is identified in the MCAD Charge, she was not employed by Verizon at the time Verizon received the charge, and had no opportunity to review or respond to it.

---

[1] The entity that employed Sheehan at the time in question is actually Telesector Resources Group, Inc. (d/b/a Verizon Services Group) ("TRG"). TRG is also a Delaware corporation with a principal place of business in New York.

[2] Defendants will be filing a motion to dismiss, among other things, all of the individual defendants shortly.

Case 1:04-cv-12364-JGD   Document 16-2   Filed 12/17/2004   Page 3 of 18

MAS-20030912                           **Commonwealth of Massachusetts**                    11/12/2004
gueri                                       SUFFOLK SUPERIOR COURT                          11:38 AM
                                                  Case Summary
                                                  Civil Docket

# SUCV2004-03961
## Sheehan v Verizon Communications Inc et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 09/08/2004 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 11/12/2004 | **Session** | F - Civil F | | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 12/07/2004 | **Answer** | 02/05/2005 | | **Rule12/19/20** | 02/05/2005 |
| **Rule 15** | 02/05/2005 | **Discovery** | 07/05/2005 | | **Rule 56** | 08/04/2005 |
| **Final PTC** | 09/03/2005 | **Disposition** | 11/02/2005 | | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Erik Sheehan
Active 09/08/2004

**Private Counsel 165450**
Domenic Finelli
199 Revere Street
Revere, MA 02151
Phone: 781-286-1484
Fax: 781-289-0410
Active 09/08/2004 Notify

**Defendant**
Verizon Communications Inc
Service pending 09/08/2004

**Private Counsel 548347**
Timothy P Van Dyck
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 11/12/2004 Notify

**Private Counsel 636962**
Windy L Rosebush
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 11/12/2004 Notify

**Defendant**
Laura Cardinale
Service pending 09/08/2004

**Private Counsel 548347**
Timothy P Van Dyck
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 11/12/2004 Notify

MAS-20030912  Case 1:04-cv-12364-JGD   Document 16-2   Filed 12/17/2004   Page 4 of 18   11/12/2004
gueri                          Commonwealth of Massachusetts                                11:38 AM
                                    SUFFOLK SUPERIOR COURT
                                          Case Summary
                                          Civil Docket

## SUCV2004-03961
## Sheehan v Verizon Communications Inc et al

| | |
|---|---|
| | Private Counsel 636962<br>Windy L Rosebush<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |
| **Defendant**<br>Lisa DaMask<br>Service pending 09/08/2004 | Private Counsel 548347<br>Timothy P Van Dyck<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |
| | Private Counsel 636962<br>Windy L Rosebush<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |
| **Defendant**<br>Carolyn Driscoll<br>Service pending 09/08/2004 | Private Counsel 548347<br>Timothy P Van Dyck<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |
| | Private Counsel 636962<br>Windy L Rosebush<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |

Case 1:04-cv-12364-JGD   Document 16-2   Filed 12/17/2004   Page 5 of 18

MAS-20030912                                                                    11/12/2004
gueri                     **Commonwealth of Massachusetts**                     11:38 AM
                              SUFFOLK SUPERIOR COURT
                                    Case Summary
                                    Civil Docket

### SUCV2004-03961
### Sheehan v Verizon Communications Inc et al

| | |
|---|---|
| **Defendant**<br>Paul McGovern<br>Service pending 09/08/2004 | **Private Counsel 548347**<br>Timothy P Van Dyck<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify<br><br>**Private Counsel 636962**<br>Windy L Rosebush<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |
| **Defendant**<br>Linda Richelson<br>Service pending 09/08/2004 | **Private Counsel 548347**<br>Timothy P Van Dyck<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify<br><br>**Private Counsel 636962**<br>Windy L Rosebush<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |
| **Defendant**<br>Doreen Toben<br>Service pending 09/08/2004 | **Private Counsel 548347**<br>Timothy P Van Dyck<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |

MAS-20030912
gueii
Case 1:04-cv-12364-JGD   Document 16-2   Filed 12/17/2004   Page 6 of 18
11/12/2004
11:38 AM
Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2004-03961
## Sheehan v Verizon Communications Inc et al

| | |
|---|---|
| | **Private Counsel 636962**<br>Windy L Rosebush<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |
| **Defendant**<br>Doug Wilder<br>Service pending 09/08/2004 | **Private Counsel 548347**<br>Timothy P Van Dyck<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |
| | **Private Counsel 636962**<br>Windy L Rosebush<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 11/12/2004 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 09/08/2004 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 09/08/2004 | | Origin 1, Type B22, Track F. |
| 09/08/2004 | 2.0 | Civil action cover sheet filed |
| 11/09/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. Verizon Communications, Inc., Laura Cardinale, Lisa Damask, Carolyn Driscoll, Paul McGovern, Linda Richelson, Doreen Toben and Doug Wilder U. S. Dist.#(04-12364JLT). |
| 11/12/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON

NOV. 15, 2004, THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _Timothy Walsh_
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                        SUPERIOR COURT
                                                    CIVIL DOCKET NO.

---

ERIK SHEEHAN,                                    )
    Plaintiff                                    )
                                                 )
        v.                                       )    COMPLAINT
                                                 )
VERIZON COMMUNICATIONS INC., LAURA CARDINALE,    )
LISA DAMASK, CAROLYN DRISCOLL, PAUL McGOVERN,    )
LINDA RICHELSON, DOREEN TOBEN and DOUG WILDER,   )
    Defendants                                   )

---

## INTRODUCTION

1. This is an action brought by the Plaintiff Erik Sheehan ("Sheehan"), seeking legal and equitable restitution for the damages he sustained as a result of the Defendants, VERIZON COMMUNICATIONS INC.'s ("Verizon") Laura Cardinale ("Cardinale"), Lisa Damask ("Damask"), Carolyn Driscoll ("Driscoll"), Paul McGovern ("McGovern"), Linda Richelson ("Richelson"), Doreen Toben ("Toben"), Doug Wilder ("Wilder") or their agent or agents' negligent supervision, sexual harassment, sexual discrimination, retaliation, and aiding and abetting another in violation of Massachusetts General Law ch. 151B.

## PARTIES

2. The Plaintiff is Erik Sheehan. He is a natural person residing at 250 Reservoir Avenue, Revere, Suffolk County, Massachusetts.

3.    Defendant VERIZON COMMUNICATIONS INC. is a foreign corporation organized under the laws of the State of Delaware. Its principal office is located at 1095 Avenue of the Americas, New York, New York.

4.    Defendant Laura Cardinale is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

5.    Defendant Lisa Damask is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown.

6.    Defendant Carolyn Driscoll is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

7.    Defendant Paul McGovern is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

8.    Defendant Linda Richelson is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

9.    Defendant Doreen Toben is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

10.    Defendant Doug Wilder is a natural person, was an agent of Verizon at all times relevant to this complaint and the allegations contained herein, and whose current residence is unknown at this time.

## JURISDICTION

11. This Court has subject matter jurisdiction pursuant to Mass. Gen. Laws ch. 151 s. 9.

12. This Court has personal jurisdiction over the Defendant because Verizon regularly conducts business within the Commonwealth including, but not limited to, operations located at 6 Bowdoin Square, Boston, Suffolk County, Massachusetts.

## FACTS

13. On or about April 2, 2001, Sheehan began work in the Compensation Administration department of Verizon.

14. Sheehan's immediate supervisor was Richelson.

15. During the events that are the subject of this claim, Cardinale supervised Richelson.

16. During the events that are the subject of this claim, Toben supervised Cardinale.

17. During the events that are the subject of this claim, McGovern was Verizon's EEOC Management Consultant.

18. During the events that are the subject to this claim, Wilder was a Vice President to whom Sheehan expressed his concerns.

19. Damask and Driscoll were members of the Human Resources Department at Verizon who participated in Sheehan's demotion.

20. Richelson was an agent of Verizon specifically charged with the management of Verizon employees including Sheehan.

21. Sheehan was the only male in his workgroup consisting of about forty people.

22. Richelson treated Sheehan differently from other employees because of his gender (male).

3

23. During the time that Richelson was Sheehan's supervisor, she created a hostile and abusive work environment for Sheehan both in public and in private.

24. Richelson targeted Sheehan for this harassment because of his gender (male).

25. During the time that Richelson was Sheehan's supervisor, Sheehan suffered adverse employment actions resulting from Richelson's animus towards Sheehan based on his gender.

26. Upon Sheehan's reporting of the harassment and discrimination to McGovern, Wilder, Cardinale, Driscoll, and Damask, Verizon and the individual Defendants retaliated with adverse employment action.

27 Sheehan again reported the mistreatment to McGovern, Wilder, Cardinale, Driscoll, and Damask, and the harassment intensified.

28. In the presence of Sheehan's colleagues, Richelson continuously belittled him.

29. On or about May 29, 2001, Richelson sent Sheehan an email which stated, "I do think there is a difference between a working man and a working mother, but that is because I am one and it is my personal bias."

30. On or about June 7, 2001, Richelson stated to Sheehan, "You remind me of my ex husband. I remember this time when we were picking out tables. I remember going around doing all the research at night while he was at work. Then when I told him about all the different types of wood and the benefits of each one, he sat back and said let's get this one. Bullshit! I did all the research; I'm going to pick out the fucking table, not him. I'm out there doing all the work; I'm going to pick out the fucking table, not him. I'm out there doing all the work; I'm going to pick the table. And for you, I'm the boss, I'll make all the decisions not you and I'm going to show you." Richelson made this statement after expressing her hostility and hatred towards her ex-husband on numerous occasions.

4

31. On or about June 7, 2001, Richelson threatened to demote Sheehan as soon as she could find a qualified **female** to take his job.

32. On or about August 9, 2001, during a meeting, Richelson insinuated through a hand gesture that Sheehan suffered from alcoholism.

33. On or about August 15, 2001, Richelson stated to Sheehan, "My ex-husband was just like you. He used to procrastinate all day and then he would get out of bed in the middle of the night, because he forgot to take care of something and he'd be up all night trying to finish whatever he put off and didn't get done during the day. Maybe you're not like him, but you remind me of him. I'm not happy."

34. On or about August 29, 2001, Denise English, a colleague of Sheehan's, sent an e-mail to Cardinale expressing English's concern about Richelson's treatment of Sheehan and its effects on Sheehan.

35. On or about October 30, 2001, Richelson sent an e-mail to Vice President Laura Cardinale ("Cardinale"), Cardinale's female staff, and Richelson's female staff and team members detailing her anger quotient towards men.

36. On or about December 9, 2001, Sheehan reported Richelson's behavior and Verizon launched an internal investigation.

37. On or about December 14, 2001, Richelson assaulted and battered Sheehan while the two were at work during normal working hours.

38. On or about December 14, 2001, Sheehan notified Wilder about the assault and battery and requested that action to be taken.

5

39.   On or about January 10, 2002, Richelson sent an e-mail to Linda Digiglio ("Digiglio"), a fellow Verizon employee, in which Richelson offered to pay Digiglio for Digiglio's "help" in the on-going internal investigation of Sheehan's claims.

40.   During the course of the internal investigation into Sheehan's claims of harassment and discrimination, Tracy Masiello ("Masiello") a fellow employee who was a top performer and the most qualified person in the work group offered to testify on his behalf.

41.   Shortly after and because Masiello came forward on Sheehan's behalf, she was terminated under the guise of a workforce reduction. Masiello's position was immediately refilled and no reduction in workforce occurred.

42.   On or about March 14, 2002, Richelson falsified eleven (11) company documents that she used to fabricate a negative employee evaluation form for Sheehan which resulted in adverse employment action.

43.   Said employee evaluation form did not reflect Sheehan's actual performance but was created out of Richelson's animus towards Sheehan as a male.[1]

44.   As a result of Sheehan's decision to pursue his claim and because of the discriminatory animus of Richelson, Sheehan was demoted twice and transferred to a different department constituting adverse employment actions.

45.   These demotions and other adverse employment actions resulted in significantly lower compensation for Sheehan and hindered his promotion to other opportunities.

46.   On or about October 23, 2002, Sheehan filed a complaint with the Massachusetts Commission against Discrimination.

---

[1] In 2003, Sheehan was the top performer in his group.

6

47. On or about February 2, 2004, the Massachusetts Commission against Discrimination dismissed the complaint because an investigator failed to contact a witness that had been provided to the Massachusetts Commission against Discrimination.

48. Sheehan filed a timely appeal of the Massachusetts Commission against Discrimination's decision, submitting an affidavit of the witness among other supporting documentation.

49. On or about July 19, 2004, the Massachusetts Commission against Discrimination reversed its decision and found probable cause.

### **COUNT I (Negligent Supervision) Against Verizon, Cardinale, and Toben**

50. The Plaintiff hereby realleges and incorporates paragraphs one through forty-nine by reference.

51. Verizon, Cardinale, and Toben, as Plaintiff's employers, owe a legal duty to the Plaintiff to non-negligently manage others who control the Plaintiff's terms and conditions.

52. Richelson falsified documents and created dishonest evaluations of the Plaintiff which were used to make personnel decisions.

53. Verizon, Cardinale, and Toben were aware or should have been aware of the inaccurate evaluations fabricated by Richelson.

54. Verizon, Cardinale, and Toben did nothing to remove these bogus evaluations from Mr. Sheehan's file.

55. Verizon, Cardinale, and Toben allowed other employees to use the bogus evaluations to make decisions about the Plaintiff's terms and conditions of employment.

56. By doing so, Verizon, Cardinale and Toben breached the duty owed to the Plaintiff as described in paragraph fifty-one.

57.  As a direct result of said breach, Sheehan was effectively demoted, did not receive compensation to which he would have otherwise been entitled, and suffered severe emotional distress which caused anxiety attacks, nose bleeds, hair loss, and severe weight gain.

### COUNT II (Sexual Discrimination) Against Verizon and Richelson

58.  The Plaintiff hereby realleges and incorporates paragraphs one through fifty-seven by reference.

59.  The Plaintiff suffered adverse employment actions while employed by the Defendant Verizon solely because of his gender.

60.  Plaintiff's supervisor Richelson was motivated primarily by his gender and not by his work performance.

61.  Therefore, the Defendant Verizon has violated Mass. Gen. Laws ch. 151B s. 4(1) and has discriminated against the Plaintiff in compensation or in terms, conditions or privileges of employment.

62.  Said discrimination was willful and in knowing violation of Mass. Gen. Laws ch. 151B s. 4(1).

63.  As a result of this discrimination, the Plaintiff has suffered lost income and other benefits of employment and severe emotional distress which caused anxiety attacks, nose bleeds, hair loss, and severe weight loss.

### COUNT III (Sexual Harassment) Against Verizon and Richelson

64.  The Plaintiff hereby realleges and incorporates paragraphs one through sixty-three by reference.

65.  The Plaintiff suffered a hostile work environment while Richelson was his supervisor.

66.  Richelson targeted the Plaintiff because of his gender and her animus towards males.

67. Verizon failed to take the steps necessary to stop the harassment in a timely manner.

68. Therefore, Verizon and Richelson have violated Mass. Gen. Laws ch. 151B s. 4(16A) and engaged in sexual harassment of the Plaintiff.

69. Said sexual harassment was willful and in knowing violation of Mass. Gen. Laws ch. 151B s. 4(16A).

70. As a result of said sexual harassment, the Plaintiff suffered severe emotional distress which caused anxiety attacks, nose bleeds, hair loss, and severe weight loss.

### COUNT IV (Retaliation) Against All Defendants

71. The Plaintiff hereby realleges and incorporates paragraphs one through seventy by reference.

72. After Plaintiff complained of his treatment, Richelson, Verizon, McGovern, Damask, Driscoll, Cardinale, Wilder and Toben took or oversaw adverse employment actions against the Plaintiff in retaliation for his efforts to assert his rights.

73. Therefore, the Defendants violated Mass. Gen. Laws ch. 151B s. 4(4).

74. Said retaliation was willful and in knowing violation of Mass. Gen. Laws ch. 151B s. 4(4).

75. As a result of said retaliation, the Plaintiff suffered lost wages and other benefits of employment and severe emotional distress which caused anxiety attacks, nose bleeds, hair loss and severe weight gain.

### COUNT V (Aiding and Abetting Another in Violation of Mass. Gen. Laws. ch. 151B) Against All Defendants

76. The Plaintiff hereby realleges and incorporates paragraphs one through seventy-five by reference.

9

77. After the Plaintiff filed his internal complaint with supporting evidence, Verizon, Cardinale, Damask, Driscoll, McGovern, Toben and Wilder continued to allow Richelson to supervise the Plaintiff and to affect the terms and conditions of his employment.

78. Even though the other Defendants were aware of Richelson's long term history of harassment of and animus toward males, the Defendants allowed Richelson to continue behaving in that way.

79. Even though Defendants were aware of the animus behind Richelson's fabricated evaluation of Sheehan, the Defendants allowed and encouraged important decisions about the terms and conditions of Sheehan's employment to be based upon the dishonest evaluations.

80. The Defendants, or their agents, threatened the Plaintiff's colleagues who were going to provide evidence against the Defendants and their agents in an internal investigation.

81. The Defendants, or their agents, promised rewards to those who filed false and/or misleading information with the internal investigators assigned to the investigation of the Plaintiff's claims.

82. The Defendant Verizon's own investigation and subsequent statement to the Massachusetts Commission against Discrimination was an attempt to cover up discrimination, harassment and retaliation and to protect the Defendants from liability.

83. Therefore, the Defendants violated Mass. Gen. Laws ch. 151B s. 4(5).

84. Said aiding and abetting was willful and in knowing violation of Mass. Gen. Laws ch. 151B s. 4(5).

85. As a result of said violation of Mass. Gen. Laws ch. 151B s. 4(5), the Plaintiff suffered lost wages and other benefits of employment and severe emotional distress which caused anxiety attacks, nose bleeds, hair loss, and severe weight loss.

**WHEREFORE,** the Plaintiff respectfully requests that this Court find for the Plaintiff and:

(1) award damages to the Plaintiff for lost wages and other benefits of employment which includes promotions, bonuses, and status in an amount provided by the Court;

(2) award damages to the Plaintiff for emotional distress;

(3) award punitive damages to the Plaintiff for the Defendant's knowing and willful violation of his rights;

(4) award costs and reasonable attorneys' fees to the Plaintiff;

(5) restore the Plaintiff to his previous position and level.

(6) any other equitable or legal relief that the Court determines to be just.

**The Plaintiff requests a trial by jury for each and every count of his complaint.**

Respectfully submitted,

Erik Sheehan

By his attorney

Domenic Finelli
Barrister Hall
199 Revere Street
Revere, MA 02151
(781) 286-1484
BBO#: 165450

**DATED:** 9/4/04

I HEREBY ATTEST AND CERTIFY ON
NOV. 15, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

11

| CIVIL ACTION COVER SHEET | DOCKET NO(s) | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Erik Sheehan | Verizon Communications, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Domenic Finelli, 199 Revere Street, Revere, MA 02151 (781)286-1484<br>Board of Bar Overseers number: 165450 | ATTORNEY (if known)<br>Windy L. Rosebush, Edwards & Angell, LLP<br>101 Federal St., Boston, MA 02110<br>(617) 951-2277 |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $ .........
2. Total Doctor expenses .................................................. $ .........
3. Total chiropractic expenses ............................................ $ .........
4. Total physical therapy expenses ........................................ $ .........
5. Total other expenses (describe) ........................................ $ .........
   Subtotal $ .........
B. Documented lost wages and compensation to date ......................... $28,000.00
C. Documented property damages to date .................................... $ .........
D. Reasonably anticipated future medical and hospital expenses ............ $ .........
E. Reasonably anticipated lost wages ................................ Approximately $150,000.00
F. Other documented items of damages (describe) .......................... $ .........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) The Plaintiff suffered employment discrimination and harassment because of his gender. The Plaintiff suffered lost wages and benefits, and severe emotional distress. The exact amount of anticipated lost wages and benefits cannot be determined before discovery.

$ unknown at this time

**TOTAL $178,000.00**

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

**TOTAL $. .........**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT     N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 9/7/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
NOV. 15, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK.