UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ERIK SHEEHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO.  04 CV 12364 JGD |
| | ) | |
| VERIZON COMMUNICATIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT STATEMENT OF PROPOSED PRETRIAL SCHEDULE

In accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1, the parties respectfully submit the following proposed pre-trial schedule.

**I.      Claims for Relief**

**A.      Plaintiff's Statement of Claims**

On or about April 2, 2001, Sheehan began work in the Compensation Administration department of Verizon.  Sheehan's immediate supervisor was Richelson.  Sheehan was the only male in his workgroup consisting of about forty people.  Richelson treated Sheehan differently from other employees because of his gender (male).  During the time that Richelson was Sheehan's supervisor, she created a hostile and abusive work environment for Sheehan both in public and in private.  Richelson targeted Sheehan for this harassment because of his gender (male).

During the time that Richelson was Sheehan's supervisor, Sheehan suffered adverse employment actions resulting from Richelson's animus towards Sheehan based on his gender. Upon Sheehan's reporting of the harassment and discrimination to McGovern, Wilder, Cardinale, Driscoll, and Damask, Verizon and these individuals retaliated with adverse

employment action.  Sheehan again reported the mistreatment to McGovern, Wilder, Cardinale, Driscoll, and Damask, and the harassment intensified.  In the presence of Sheehan's colleagues, Richelson continuously belittled him.

On or about May 29, 2001, Richelson sent Sheehan an email which stated, "I do think there is a difference between a working man and a working mother, but that is because I am one and it is my personal bias."

On or about June 7, 2001, Richelson stated to Sheehan, "You remind me of my ex husband.  I remember this time when we were picking out tables.  I remember going around doing all the research at night while he was at work.  Then when I told him about all the different types of wood and the benefits of each one, he sat back and said let's get this one.  Bullshit!  I did all the research; I'm going to pick out the fucking table, not him.  I'm out there doing all the work; I'm going to pick out the fucking table, not him.  I'm out there doing all the work; I'm going to pick the table.  And for you, I'm the boss, I'll make all the decisions not you and I'm going to show you."  Richelson made this statement after expressing her hostility and hatred towards her ex-husband on numerous occasions.

On or about June 7, 2001, Richelson threatened to demote Sheehan as soon as she could find a qualified **female** to take his job.

On or about August 9, 2001, during a meeting, Richelson insinuated through a hand gesture that Sheehan suffered from alcoholism.  On or about August 15, 2001, Richelson stated to Sheehan, "My ex-husband was just like you.  He used to procrastinate all day and then he would get out of bed in the middle of the night, because he forgot to take care of something and he'd be up all night trying to finish whatever he put off and didn't get done during the day.  Maybe you're not like him, but you remind me of him.  I'm not happy."

BOS_488721_2/WROSEBUSH

On or about August 29, 2001, Denise English, a colleague of Sheehan's, sent an e-mail to Cardinale expressing English's concern about Richelson's treatment of Sheehan and its effects on Sheehan.

On or about October 30, 2001, Richelson sent an e-mail to Vice President Laura Cardinale ("Cardinale"), Cardinale's female staff, and Richelson's female staff and team members detailing her anger quotient towards men.

On or about December 9, 2001, Sheehan reported Richelson's behavior and Verizon launched an internal investigation.

On or about December 14, 2001, Richelson assaulted and battered Sheehan while the two were at work during normal working hours. On or about December 14, 2001, Sheehan notified Wilder about the assault and battery and requested that action to be taken. On or about January 10, 2002, Richelson sent an e-mail to Linda Digiglio ("Digiglio"), a fellow Verizon employee, in which Richelson offered to pay Digiglio for Digiglio's "help" in the on-going internal investigation of Sheehan's claims.

During the course of the internal investigation into Sheehan's claims of harassment and discrimination, Tracy Masiello ("Masiello") a fellow employee, who was a top performer and the most qualified person in the work group, offered to testify on his behalf. Shortly after and because Masiello came forward on Sheehan's behalf, she was terminated under the guise of a workforce reduction. Masiello's position was immediately refilled and no reduction in workforce occurred.

On or about March 14, 2002, Richelson falsified eleven (11) company documents that she used to fabricate a negative employee evaluation form for Sheehan which resulted in adverse employment action. Said employee evaluation form did not reflect Sheehan's actual

BOS_488721_2/WROSEBUSH

performance but was created out of Richelson's animus towards Sheehan as a male.1  As a result of Sheehan's decision to pursue his claim and because of the discriminatory animus of Richelson, Sheehan was demoted twice and transferred to a different department constituting adverse employment actions.  These demotions and other adverse employment actions resulted in significantly lower compensation for Sheehan and hindered his promotion to other opportunities.

On or about October 23, 2002, Sheehan filed a complaint with the Massachusetts Commission against Discrimination.  On or about February 2, 2004, the Massachusetts Commission against Discrimination dismissed the complaint because an investigator failed to contact a witness that had been provided to the Massachusetts Commission against Discrimination.  Sheehan filed a timely appeal of the Massachusetts Commission against Discrimination's decision, submitting an affidavit of the witness among other supporting documentation.  On or about July 19, 2004, the Massachusetts Commission against Discrimination reversed its decision and found probable cause.

Sheehan is seeking compensation for the sexual discrimination, sexual harassment, retaliation and aiding and abetting another in violation of Mass. Gen. Laws ch. 151B detailed above

**B.      Defendant's Defenses**

Defendant Verizon Communications, Inc. ("Verizon") denies the Plaintiff's allegations that he was discriminated against based upon his sex, that he was sexually harassed, retaliated against or that Verizon aided and abetted anyone in discriminating against Erik Sheehan

("Sheehan").[1]   When Sheehan brought his complaints about his manager, Linda Richelson ("Richelson"), to the attention of management, Verizon conducted an extensive internal investigation of Sheehan's claim, including interviewing many witnesses and reviewing Sheehan's performance evaluations at his request.  Verizon could not substantiate any claims of sexual discrimination, sexual harassment or retaliation, including the allegation that Richelson singled Sheehan out because he was a man.  However, because Verizon determined that Richelson violated Verizon's Code of Conduct in dealing with both male and female co-workers, Richelson was reprimanded by way of a Written Warning.  Later, Richelson was terminated as part of a reduction in workforce.  Additionally, Sheehan was voluntarily transferred by Verizon to the position of his choice within Verizon (and outside of Richelson's group) on two occasions. Despite the outcome of the Verizon investigation, the reprimand of Richelson, the voluntary transfer of Sheehan (with no decrease in pay), and the fact that Sheehan remains employed by Verizon to this date (and has been promoted), he nonetheless filed suit against Verizon alleging that he was discriminated against because he is a man.

It is Verizon's position that even assuming all of the Plaintiff's allegations to be true, Sheehan is unable to make out a claim for gender discrimination, sexual harassment, retaliation or aiding and abetting another in violation of Mass. Gen. Laws ch. 151B.

### C.      Settlement Discussions

Correspondence regarding settlement has been exchanged by counsel.  However, the parties were unable to reach a settlement in this case.

---

[1] Claims against a number of employees and former employees of Verizon, including Sheehan's former supervisor, Linda Richelson, were dismissed by this Court due to Sheehan's failure to exhaust his administrative remedies against the individual defendants at the MCAD.  Count I (Negligent Supervision) against Verizon was also dismissed because it was preempted by Mass. Gen Laws ch. 151B and 152.

BOS_488721_2/WROSEBUSH

**D.    Proposed Discovery Schedule**

1.    Initial Discovery pursuant to Fed. R. Civ. P. 26

    a.    On or before May 26, 2005 the parties will provide all information required under Fed. R. Civ. P. 26(a)(1);

    b.    Pursuant to Fed. R. Civ. P. 26(a)(1)(B), on or before May 26, 2005 or immediately thereafter, the parties will identify and make available for copying and inspection all documents, data compilations, and tangible things that are in their possession, custody or control, which the disclosing party may use to support its claims or defenses;

2.    Document Discovery

    a.    There shall be no limitation on the number of document requests that any party can propound so long as the requests require a response within the discovery period.

3.    Interrogatories

    a.    Each party shall have a total of 25 interrogatories which can be used by any party at any time during discovery.

4.    Depositions

    a.    All fact depositions shall be completed by October 31, 2005.

5.    Completion of Discovery

    a.    All fact discovery shall be completed by October 31, 2005.

6.    Expert Discovery

    a.    Expert witnesses and related information shall be disclosed as specified in Fed. R. Civ. P. 26(a)(2), in accordance with the dates set forth below:

    b.    Plaintiff's expert report(s) shall be served on or before November 15, 2005.

    c.    Defendant's expert report(s) shall be served on or before November 30, 2005;

    BOS_488721_2/WROSEBUSH

      d.      To the extent Plaintiff presents the report of an expert for the sole purpose of contradicting or rebutting evidence set forth in Defendant's expert report(s), such expert rebuttal report(s) shall be served on or before December 15, 2005;

      e.      Expert depositions shall be completed by December 31, 2005.

7.      Dispositive Motions

      a.      All Motions for Summary Judgment pursuant to Fed. R. Civ. P. 56 shall be served on or before January 31, 2006.

**E.**      **Pretrial Conference and Trial**

A Final Pretrial Conference will be scheduled by the Court. The trial will begin on March 27, 2006 or such other day as the Court may direct following the Court's ruling on the Motion(s) for Summary Judgment. The parties anticipate that the trial of this matter will last three full trial days.

**F.**      **General Stipulations Regarding Discovery**

1.      Each party is required to supplement its answers to interrogatories and document requests as required by the Federal Rules.

2.      In a good faith effort by any party to avoid additional costs, any party may request a further case management conference or alteration of this schedule.

      BOS_488721_2/WROSEBUSH

- 8 -

Respectfully submitted,

| ERIK SHEEHAN<br>By his attorney,<br><br>    /s/ Paul Tuttle<br>Dominic Finelli, BBO #165450<br>Paul Tuttle, BBO #661786<br>lawoffice@reverelaw.com<br>Attorneys At Law<br>Barrister Hall<br>199 Revere Street<br>Revere, MA 02151<br>(781) 286-1484 | VERIZON COMMUNICATIONS, INC.<br>By its attorneys,<br><br>    /s/ Windy L. Rosebush<br>Timothy P. Van Dyck, BBO #548347<br>tvandyck@EdwardsAngell.com<br>Windy L. Rosebush, BBO #636962<br>wrosebush@EdwardsAngell.com<br>Edwards & Angell, LLP<br>101 Federal Street<br>Boston, MA 02110<br>(617) 439-4444 |

Date: May 17, 2005

## CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that on this 17th day of May, 2005, I caused a copy of the foregoing document to be served electronically on Paul Tuttle and (on May 18, 2005) via first-class mail on Domenic Finelli, Esq., Barrister Hall, 199 Revere Street, Revere, MA 02151.

                              _/s/ Windy L. Rosebush_____