UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
ERIK SHEEHAN,                             )
                                          )
                Plaintiff,                )
                                          )
v.                                        )   Civil Action No. 04 CV 12364 JGD
                                          )
                                          )
VERIZON COMMUNICATIONS, INC.              )
                                          )
                Defendant.                )
                                          )
_____)

## JOINT STATEMENT PURSUANT TO MAY 23, 2005 SCHEDULING ORDER

Pursuant to the May 23, 2005 Scheduling Order, the parties hereby submit a joint statement prepared for the status conference which is scheduled to take place on October 27, 2005 at 2:30 p.m.

**A.   Status of the Case.**

   **1.   Defendant's Position.**

Defendant Verizon Communications, Inc. ("Verizon") has concluded its fact discovery in this case. Plaintiff's document production was finally completed on October 11, 2005. Following the exchange of fact discovery, the Plaintiff raised only two issues concerning Verizon's document production, (see Exhibit A, letter from D. Finelli to W. Rosebush dated October 7, 2005), both of which have been fully addressed by Verizon's counsel. See Exhibit B, letter from W. Rosebush to D. Finelli dated October 14, 2005. Only privileged documents, or those constituting work product, have been withheld.

Verizon has decided to take only the deposition of Plaintiff. Plaintiff's deposition was taken on October 12, 2005, after two postponements by the Plaintiff.

Despite the fact that this is a simple garden-variety gender discrimination/sexual harassment case brought by a current male employee against his female supervisor, on October 7, 2005, three weeks before the discovery deadline, Plaintiff noticed ten (10) depositions. These are witnesses who have been known to the Plaintiff since at least 2001 based upon his own correspondence to Verizon dated December 9, 2001. Those deposition notices served by the Plaintiff on October 7, 2005 were received on October 11, 2005. Plaintiff then noticed an additional deposition on October 13, 2005. Plaintiff is currently in the process of taking certain of those properly noticed depositions now. Many of the remaining witnesses are not in Verizon's control, as they are no longer employed by Verizon. Moreover, various procedural issues have been raised concerning some of the depositions, all of which are summarized in Verizon's counsel's October 14, 2005 letter to Sheehan's counsel attached hereto as Exhibit B. Sheehan's counsel has not responded to the procedural issues raised in this letter.

Due to scheduling issues, one of the depositions (Laura Cardinale) noticed and agreed upon by Verizon had to be rescheduled to November 11, 2005. All other depositions should be completed by the October 31, 2005 discovery deadline. Verizon objects to any further depositions given the discovery deadline.

With regard to the deposition of Paul McGovern, Plaintiff's counsel failed to bring the complete interview notes of Paul McGovern to the deposition. Plaintiff was advised on numerous occasions that the notes he presented were incomplete. Nevertheless, in a deposition that lasted over six hours, Mr. McGovern answered (in full) all questions posed to him regarding the investigation as it related to Tracey Masiello.

Based upon the foregoing, it is Verizon's position that an extension of the discovery deadline is not warranted or necessary.

**2. Plaintiff's Position.**

The Plaintiff Erik Sheehan is in the process of completing his fact discovery. After mutual extensions, the Plaintiff received written discovery responses and documents from the Defendant on or about September 22, 2005. (The Plaintiff had served these requests upon the Defendant on June 27, 2005.) Upon receipt, the Plaintiff reviewed the Defendant's response to determine which witnesses to depose. Shortly thereafter, the Plaintiff attempted to contact the Defendant's attorney Windy Rosebush to schedule the depositions. Attorney Rosebush was out of the office, so on October 7, 2005, the Plaintiff noticed ten depositions of current or former Verizon employees. The Plaintiff was informed that several were out-of-state and that one of the witnesses had passed away. The Defendant agreed to produce three current, in-state Verizon employees and Ms. Richelson, the former employee whose actions form the basis of the Plaintiff's claims.

The Plaintiff has requested an extension of fact discovery from the Defendant due in part to the timing of the Defendant's response to written fact discovery and due in part to the deposition testimony of Paul McGovern. During his deposition, it was not clear whether or not Mr. McGovern interviewed a co-worker of the Plaintiff (Tracy Marsiello).

The Plaintiff has attempted to reach an agreement with the Defendant regarding an extension. To this point, those efforts have been without success. If an agreement regarding an extension cannot be reached, the Plaintiff intends to seek an extension from this Court.

Also, the Defendant has produced e-mail chains of which a portion is redacted. The Defendant claims that the redactions were occasioned by attorney work product. The Plaintiff is unsatisfied with this explanation and is attempting to develop evidence to support a motion to compel.

Finally, the Plaintiff suspects that the Defendant has withheld documents which were requested. Therefore, the Plaintiff believes that an extension in the period of time in which to conduct fact discovery is both warranted and necessary. As there is no expert witness discovery to conduct, such an extension would have no meaningful affect on the scheduling of this litigation from this point forward.

B.   **Scheduling the Remainder of the Case Through Trial.**

   1.   **Defendant's Position.**

Neither party has identified experts in this case, and the deadline for doing so (November 15 and 30, 2005) has expired. It is Verizon's position that no further discovery is warranted or necessary given the ample time both parties had to engage in discovery in this matter. Verizon believes, based upon numerous admissions obtained at Plaintiff's deposition that summary judgment is warranted on all remaining counts of the Complaint. Plaintiff has admitted that his claims for gender discrimination/harassment are premised on the following facts, some of which could not be substantiated: (1) his supervisor happened to have very high expectations for all of her subordinates, including Plaintiff; (2) many of his female colleagues had similar complaints about his supervisor's management style; (3) she occasionally used profanities; (4) his supervisor compared Plaintiff to her ex-husband because they both procrastinated and took credit for work they did not do; (5) an e-mail joking about pre-menopausal women effectively fighting the Taliban because of their "anger quotient" was distributed among female employees at Verizon (Plaintiff was not an addressee) and, in response, his supervisor commented that she could see herself there [Afghanistan] based on her current "anger quotient"; (6) his supervisor indicated through a hand gesture that the Plaintiff was out sick because he had been drinking; (7) his supervisor often criticized him

because his work was untimely and he failed to have appropriate coverage in place when he was absent; (8) she reprimanded him for signing a payee's name to a company check without indicating that he had signed the check on behalf of the payee; and (9) his supervisor indicated, in an e-mail chain criticizing the Plaintiff for failing to have proper equipment in place for new employees, that working mothers should have a phone available to them at all times, and in that regard, she saw a difference between working mothers and working men (who were not parents).  These facts, even if they could be substantiated in their entirety, fall well short of what is necessary to make out a valid claim under Mass. P. Gen. Laws Ch. 151B. Verizon intends to serve its motion for complete summary judgment well before January 31, 2006, pursuant to the May 23, 2005 Scheduling Order.

    **2.**    **Plaintiff's Position.**

As there is not expert discovery to discuss and for the reasons stated above, the Plaintiff is seeking to extend the time for written discovery.

**C.**    **Use of Alternative Dispute Resolution Programs.**

The parties were unable to reach agreement on the use of Alternative Dispute Resolution to resolve this matter.

| ERIK SHEEHAN | VERIZON COMMUNICATIONS, INC. |
|---|---|
| By his attorneys, | By its attorneys, |
| /s/ Paul Tuttle_____ | /s/ Windy L. Rosebush_____ |
| Dominic Finelli | Timothy P. Van Dyck |
| Paul Tuttle | Windy L. Rosebush |
| Law Offices of Domenic Finelli | Edwards & Angell, LLP |
| 199 Revere Street | 101 Federal Street |
| Revere, MA  02151 | Boston, MA  02110 |
| 781-286-1484 | 617-439-4444 |

**CERTIFICATE OF SERVICE**

The Joint Statement was served upon counsel for the Plaintiff on this 21st day of October, 2005 by electronically filing the same.

/s/ Windy L. Rosebush_____<br>
Windy L. Rosebush