WLR
LKg File

# Edwards &Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170

Windy L. Rosebush
617.951.2277
*fax* 888.325.9562
wrosebush@EdwardsAngell.com

**VIA FACSIMILE & FIRST CLASS MAIL**

October 14, 2005

Domenic Finelli, Esq.
Attorney at Law
Barrister Hall
199 Revere Street
Revere, MA 02151

    Re:    Erik Sheehan v. Verizon Communications, Inc., et al.
           U.S. District Court (Massachusetts), C.A. No. 04-12364JLT

Dear Attorney Finelli:

I am writing to address a number of issues pertaining to fact discovery in this matter.

## DEPOSITIONS

On Tuesday, October 11, 2005, I received numerous deposition notices addressed to current and former employees of Verizon. As I informed Paul Tuttle at Plaintiff's deposition on Wednesday, I had to locate these employees to determine whether we could accept service of the deposition notices on their behalf. Yesterday I received an additional deposition notice for Linda Richelson. None of the deposition notices were accompanied by the proper subpoena, despite the fact that all of the deponents are non-party witnesses in this case.

    A.    <u>Current Verizon Employees Within the Subpoena Power of the Court</u>.

After conferring with Verizon, please be advised that we will only accept service of the deposition notices on behalf of Verizon's current employees who are within the subpoena power of the court. See Fed. R. Civ. P. 45. Those employees include Paul McGovern, Demaris Phillips and Laura Cardinale. **This letter will also serve to confirm that we will represent Mr. McGovern, Ms. Phillips and Ms. Cardinale at their depositions, which will proceed as scheduled, on October 19, 2005 at 10:00 a.m. (McGovern), October 21, 2005 at 10:00 a.m. (Cardinale), and October 26, 2005 at 10:00 a.m. (Phillips).**

    B.    <u>Current Verizon Employees Outside the Subpoena Power of the Court</u>.

With regard to the remaining, current employees of Verizon - - Doug Wilder, Linda Digiglio, Lisa Damask and Carolyn Driscoll - - we will <u>not</u> accept service of the deposition notices on

BOSTON | FT. LAUDERDALE | HARTFORD | NEW YORK | PROVIDENCE | SHORT HILLS, NJ | STAMFORD | WEST PALM BEACH | WILMINGTON | LONDON

BOS 507618 2/WROSEBUSH

**Edwards & Angell** LLP

Domenic Finelli, Esq.
October 14, 2005
Page 2

their behalf. These employees are all located more than 100 miles from Massachusetts (in New York and Pennsylvania) and therefore are outside the subpoena power of the court. If you wish to depose them, you will need to issue proper subpoenas and take their depositions in New York and Pennsylvania, respectively. Moreover, as to Doug Wilder, we will object to any subpoena issued to him on the basis that it is unduly burdensome and harassing. Mr. Wilder is a Vice President of Verizon Communications, Inc. Other than the fact that the Plaintiff sent him his December 9, 2001 statement complaining about Ms. Richelson, and subsequently e-mailed him to complain about an alleged assault by Ms. Richelson, Mr. Wilder has no first-hand knowledge of this matter. He was, at all relevant times, several reporting levels removed from Mr. Sheehan, was not involved in his supervision, and was never involved in the details of Mr. Sheehan's employment or the EEO investigation. The Plaintiff, who has already been deposed, created the statement and the e-mail, referenced above and produced in discovery. Therefore, Mr. Wilder can offer no probative testimony concerning this matter. A deposition notice, aimed at such a high level executive with no relevant knowledge of this case, can only be interpreted as intended to harass. We believe the case law in this jurisdiction (and others) supports our position and entitles us to a protective order should you seek Mr. Wilder's deposition. See e.g., Church of Scientology of Boston v. I.R.S., 138 F.R.D. 9 (D. Mass. 1990); Thomas v. I.B.M., 48 F.3d 478 (3d Cir. 1995); Baine v. General Motors Corp., 141 F.R.D. 332 (M.D. Ala. 1991).

In order to assist you in serving Ms. Digiglio, Ms. Damask, and Ms. Driscoll with proper subpoenas, I am providing you with their current business addresses for service of process upon them:

Linda Digiglio, Director Financial Planning
Verizon Communications Inc.
1095 Avenue of the Americas
Room 1832A
New York, NY 10036

Lisa Damask, Executive Director-HR Business Partner
Verizon Communications Inc.
52 E. Swedesford Road
Room 2nd Floor
Frazer, PA 19355

Edwards &Angell LLP

Domenic Finelli, Esq.
October 14, 2005
Page 3


Carolyn Driscoll, Director-HR Business Partner
Verizon Communications Inc.
52 E. Swedesford Road
2nd Floor
Frazer, PA 19355

Once you have properly served them, I request that you refrain from contacting them directly as they are current employees of Verizon whom we will represent at their depositions once they have been properly subpoenaed.

C.  Former Employees of Verizon.

With regard to former employees of Verizon, this will confirm that we represent Linda Richelson, individually, and will accept service of the deposition notice on her behalf. **Ms. Richelson will appear for her deposition, as scheduled on October 25, 2005 at 10:00 a.m.**

However, please be advised that we cannot accept service on behalf of Jackie Markow, who is not employed by Verizon. The information that I have to date is that she was formerly a contractor and has since retired. Verizon is attempting to locate an address for Ms. Markow, and I will pass that information to you if and when we obtain it. You will need to locate Ms. Markow and serve her with a subpoena if you wish to depose her. I also regretfully inform you that Peg Hanlon has passed away.

D.  Discovery Deadline.

We will not agree to an extension of the October 30, 2005 fact discovery deadline set by the Court in May, 2005. Since the Scheduling Order was established, the Plaintiff has not attempted to notice any depositions in this matter. Rather, he waited until now -- two weeks before the discovery deadline -- to serve ten (10) deposition notices (the maximum permitted by Rule 30) on current and former employees of Verizon. Moreover, these are witnesses whom Plaintiff has been aware of since 2001. Based upon the evidence and the deposition of the Plaintiff, taken on October 12, 2005 (after being rescheduled twice by the Plaintiff), Verizon plans to move for summary judgment on all remaining Counts of the Plaintiff's Complaint. Verizon would like to present its Motion for Summary Judgment promptly upon the close of fact discovery on October 30, 2005. Since we have made all current employees within the Court's subpoena power available to you on their scheduled deposition dates, we see no reason why we cannot complete fact discovery on October 30, 2005, as scheduled.

# Edwards & Angell LLP

Domenic Finelli, Esq.
October 14, 2005
Page 4


E.  Rule 7.1 Conference.

As I informed you when we spoke briefly last week, I am available at your convenience for a Rule 7.1 Conference. However, I believe I can address your concerns by letter. The redacted portion of the e-mail chain bates labeled VER0380-0383 is work product protected from disclosure. As such, this portion of the e-mail chain has been redacted.

Concerning the other issue you raise, in addition to the executive summary referenced in your letter (VER0393), you have been provided the full EEO report dated July 23, 2002 (see VER0403-0405). Moreover, you were provided with typewritten status reports created throughout the investigation, as well as all of the underlying handwritten notes of the EEO investigator. I trust that this addresses the issues you have raised.

Please feel free to call me regarding any of the issues raised in this letter. I will assume that the depositions of Mr. McGovern, Ms. Phillips and Ms. Cardinale will go forward as scheduled, unless I hear from you by noon on Monday.

Thank you for your attention to this matter.

Very truly yours,

Windy L. Rosebush

WLR/

cc: Timothy P. Van Dyck, Esq.