UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------
ERIK SHEEHAN,                )
    Plaintiff                 )
                                  )
    v.                            )    CIVIL ACTION NO.: 04CV12364JGD
                                  )
VERIZON COMMUNICATIONS, INC., )
    Defendant              )
------------------------------------------------------

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL
PURSUANT TO LOCAL RULE 31.7(B)**

The Plaintiff has filed a motion to compel production of documents by the Defendant pursuant to the applicable Federal Rules of Civil Procedure.

**FACTS**

The Plaintiff Erik Sheehan ("Sheehan") was the victim of sexual harassment, sexual discrimination, and other prohibited conduct by Defendant VERIZON COMMUNICATIONS, INC. ("Verizon"). After Verizon failed to address his concerns, Sheehan filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"). Sheehan then removed his claim to the Massachusetts Superior Court. Verizon removed the case to this Honorable Court based upon the diversity jurisdiction.

On or about June 27, 2005, Sheehan through his counsel, pursuant to the applicable Federal Rules of Civil Procedure, served Verizon with his first series of Requests for Production of Documents. After a series of extensions, granted by Sheehan, Verizon produced several documents. However; Verizon also failed to produce the following documents: (1) Linda Richelson's personnel folder; (2) Paul McGovern's earlier drafts of the Defendant's Position

Statement to the Massachusetts Commission Against Discrimination and related emails (see Exhibit A, attached hereto); (3) the complete chain of emails between Carolynn Driscoll, Mary E. Leone, Lisa Damask, Erik Sheehan, and Doug Wilder in March, 2002 (see Exhibit B, attached hereto); (4) the earlier draft of a letter to Erik Sheehan from Doug Wilder drafted by Caroylnn Driscoll in approximately June, 2002 referenced in an email (see Exhibit C, attached hereto); and (5) Erik Sheehan's **midyear** review which was completed while he was working for Linda Richelson.

On October 26, 2005, at approximately 11:30 a.m., at 199 Revere Street, Revere, Massachusetts, Paul Tuttle (as counsel for Sheehan) and Windy L. Rosebush, Esq. (as counsel for Verizon) met for approximately thirty minutes to narrow these issues of dispute. At that meeting, Attorney Rosebush indicated that they would not produce Linda Richelson's personnel file because of the Massachusetts Privacy Statute. Attorney Rosebush further indicated that Paul McGovern's earlier drafts of Verizon's Position Statement were protected as attorney work product because he was acting as in-house counsel's agent.

Attorney Rosebush stated that Verizon had not provided, to her firm, the complete chain of emails between Carolyn Driscoll, Mary E. Leone, Lisa Damask, Erik Sheehan, and Doug Wilder in March, 2002 nor the earlier draft of a letter to Erik Sheehan from Doug Wilder drafted by Carolyn Driscoll in approximately June, 2002 referenced in the attached emails (Exhibit C). Finally, Attorney Rosebush indicated that Sheehan has access to his personnel records and could obtain them directly. Sheehan has been unable to acquire a copy of his midyear evaluation from Linda Richelson.

# ARGUMENT

**I.     Sheehan Is Entitled to Linda Richelson's Personnel Folder.**

In his requests for production of documents, in Request Number One, Sheehan requested Linda Richelson's personnel folder. Verizon failed to produce Linda Richelson's personnel folder and objected to the request for, among other reasons, that they were not authorized to disclose that information by the Massachusetts Privacy Statute.

Massachusetts General Law Chapter 214, Section 1B states "[a] person shall have a right against unreasonable, substantial, or serious interference with her privacy." This law has been interpreted to prohibit the disclosure of personal or intimate facts "when there exists no legitimate countervailing interest." Mulgrew v. Taunton, 410 Mass. 631, 637 (Mass. 1991); Bratt v. International Business Machines Corporation, 392 Mass. 508, 518 (Mass. 1984). The Massachusetts Supreme Judicial Court ruled that disclosure of personal information regarding the job performance of a police officer by his chief at a public meeting was allowable because the public had an interest in an able and competent police force. Mulgrew at 637.

In the present case, the material contained in Linda Richelson's personnel records are undeniably personal or intimate. However, Linda Richelson's alleged behavior is the basis for the majority of Sheehan's claims against Verizon for sexual harassment and sexual discrimination. Information contained within her personnel record will assist Sheehan in the vindication of his right to be free from harassment and discrimination. Therefore, a legitimate countervailing interest exists to allow disclosure of those personnel records; that interest is the remedying of Sheehan's rights. Because of this countervailing interest, Verizon should be compelled to produce these documents.

### II. Paul McGovern's Drafts of Verizon's Position Statement and Related Materials are Not Privileged as Attorney Work Product.

Sheehan is entitled to production of the materials redacted from the e-mails attached hereto as Exhibit A because said material is not privileged as attorney work product. "[A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of [Fed. R. Civ. P. 26] and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without due hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). Documents that may prove useful to one party or another in litigation which were not prepared in anticipation of litigation are not privileged. see United States v. El Paso Co., 682 F.2d 530 (5th Cir. 1982), cert, denied, 466 U.S. 944 (1984); Binks Mfg. Co. v. National Presto Indus., Inc., 709 F.2d 1109 (7th Cir. 1983).

In the present case, Verizon is withholding EEO Consultant Paul McGovern's drafts of Verizon's Position Statement claiming that they are materials prepared in anticipation of litigation. The withheld information, though ultimately its final version was submitted to the MCAD, is the culmination of Mr. McGovern's investigation into Sheehan's claims of harassment and discrimination. Mr. McGovern's investigation was not done in anticipation of litigation; his investigation was for the benefit of Verizon in its day-to-day business operations namely assuring compliance with its policies. Therefore, Sheehan is entitled to the materials regarding Mr. McGovern's work which have been redacted from Exhibit A attached hereto.

    III.    **Verizon Has Offered No Sustainable Objection or Explanation Regarding the Later Emails In the Chain Attached as Exhibit B.**

In the email chain attached hereto as Exhibit B, it appears that emails which would have been sent after March 20, 2002 (but which would have preceded the emails supplied in the given chain) have not been provided. Verizon, as of this date, has offered no explanation as to what should have preceded the email chain attached hereto as Exhibit B.

    IV.    **Verizon Has Offered No Sustainable Objection or Explanation Regarding the Earlier Drafts of a Letter Sent by Doug Wilder to Erik Sheehan, Drafted by Carolynn Driscoll and Referenced in the Emails Attached Hereto as Exhibit C.**

Similarly, at the Local Rule 37.1(A) conference, Sheehan's attorney inquired about why Verizon had failed to produce Carolyn Driscoll's draft of a letter to Sheehan from Doug Wilder referenced in the e-mail included in Exhibit C attached hereto. As of the date of this motion, Sheehan has not received a response regarding this request. Therefore, Sheehan requests that this Court compel production of the draft referenced in Exhibit C and any other previous drafts of the letter referred to therein.

    V.    **Sheehan Has Been Unable to Acquire his Mid-Year Review Completed by Linda Richelson and Verizon Has Failed to Produce It.**

Finally, Sheehan had requested his own personnel records. Verizon failed to produce his mid-year review which had been completed by Linda Richelson. At the Rule 37.1(A) conference, Verizon's attorney stated that Sheehan would be able to acquire his personnel records through his employer. Sheehan has been unable to acquire this document and now asks that Verizon produce the same, as had been requested.

## CONCLUSION

For the reasons stated above, Sheehan has respectfully moved this Honorable Court to compel production by Verizon of (1) Linda Richelson's personnel records; (2) Paul McGovern's earlier drafts of the Defendant's Position Statement to the Massachusetts Commission Against Discrimination and related materials; (3) the complete chain of emails between Carolynn Driscoll, Mary E. Leonoe, Lisa Damask, Erik Sheehan, and Doug Wilder in March, 2002; (4) the earlier draft of a letter to Erik Sheehan from Doug Wilder drafted by Caroylnn Driscoll in approximately June, 2002 referenced in the email attached hereto as Exhibit C; and (5) Erik Sheehan's **midyear** review which was completed while he was working for Linda Richelson.

Respectfully submitted,

Erik Sheehan

by his attorney

/s/ Paul Tuttle
Paul Tuttle (BBO# 661786)
Domenic Finelli (BBO# 165450)
Law Offices of Domenic Finelli
199 Revere Street
Revere, MA  02151
(781) 286-1484                                        Dated: November 10, 2005


## CERTIFICATE OF SERVICE

The foregoing Motion to Compel was served upon counsel for the Defendant on this 10th day of November, 2005 by electronically filing the same.

/s/ Paul Tuttle