

Paul McGovern
06/28/2002 01:12 PM

To: Carolyn.Driscoll@ba-dsg.com
cc: Lisa.Damask@ba-dsg.com
Subject: Re: FW: DRAFT - Case Issues

My phone is 617 743 4996; you may have been using an old number that I can no longer access. As to Sheehan's issue concerning the accuracy of his review -- the EEO investigation did not review the merit of Richelson's claims concerning Sheehan's performance. While a number of managers claimed that Richelson's assessment of their performance was unfair, and Sheehan's documentation may cast doubt on her allegations concerning his performance, EEO review of this issue was limited to determining that gender bias had not influenced Sheehan's review.


Carolyn.Driscoll@ba-dsg.com on 06/26/2002 08:13:13 PM



Carolyn.Driscoll@ba-dsg.com on 06/26/2002 08:13:13 PM

To: Paul McGovern/EMPL/MA/Verizon@VZNotes
cc: Lisa.Damask@ba-dsg.com
Subject: FW: DRAFT - Case Issues


Paul,

I tried to leave you a voicemail, but the mailbox was full. Can you take a
quick look at an updated response to Erik and let me know if you have any
concerns? I am out of the office so please copy Lisa on your response.

Thank you for your help.

Cari
610-407-2200
> -----Original Message-----
> From:    Driscoll, Carolyn
> Sent:    Monday, June 17, 2002 5:03 PM
> To: Damask, Lisa
> Subject: DRAFT - Case Issues
>
>
>              - DRAFT -
>
> Erik,
>
> We appreciate your concerns and have demonstrated by the compliance
> investigation the seriousness of your allegations. As you know, Paul
> McGovern, has concluded the investigation and appropriate action has been
> taken and the case is closed. The following information is provided to
> address your additional questions outlined in your e-mail.
>
> Documentation
>
> *    A copy of the documentation you sent to me on December 9, 2001 will

VER0152

> be FedEx'd to your home for delivery on June __, 2002.
>
> 2001 Appraisal, VIP and Merit
>
> *   The 2001 appraisal and rating was based on your individual
> performance as relative to the other managers on the team. The document
> outlines your accomplishments and areas for improvement. You may provide
> additional comments to be considered and retained with your appraisal.
> The VIP and Merit award that you received are in line with the rating, the
> rating and award will not be changed.
>
> Demotions
> *   The position you were offered in December 2001 reporting to Pam
> McEleney was a lateral transfer at a career level 2. As documented in the
> Verizon Compensation Plan, the movement between the 2M and 2L is a lateral
> move. The pay range, VIP target and all other compensation are identical.
> *   In December, you also wanted us to ensure that you were releasable
> because you were looking for a position outside of my organization. It
> was confirmed to you on several occasions that you were releasable. In
> January you notified us that you had found another position and, as we
> committed, you were released to accept the position you applied for
> outside of finance. You accepted this position on your own accord.
>
> Director Vacancy
> *   The investigation conducted by Paul McGovern did not substantiate
> your concern regarding possible interference in the investigation. I can
> assure you that the staffing guidelines were followed and the appropriate
> business decisions will be made.
>
> I wish you the best of luck as you move forward with Verizon.
>
> Thank you.
>
> Doug
>
>
> Erik Sheehan
> 05/20/2002 06:00 PM
>
> To:     Doug Wilder/EMPL/NY/Bell-Atl@VZNotes
> cc:
> Subject:    Case Issues
>
> Doug,
>
>       I contacted Paul McGovern from the compliance office and had an
> opportunity to speak with him last Friday. Mr. McGovern thanked me for
> bringing the case to the attention of the compliance office. In addition,
> Mr. McGovern informed me, that although they were unable to verify gender
> discrimination had occurred, he did prove misconduct on the part of Ms.
> Richelson. I was also informed that appropriate steps were being taken
> against Ms. Richelson in order to address the problem. At this point, I
> would like to add that although he did not verify the occurrence of gender
> discrimination and harassment; that does not mean it did not occur.
> Therefore, could you please FedEx my original statement and any additional
> documentation I provided to you, to my home address:
>
> 250 Reservoir Ave.
> Revere, MA 02151
>
>
>       As you aware, there are some outstanding issues that need to be
> addressed in order to make me whole. These items include the following:
> inaccurate evaluation, no raise, 3% VIP and two demotions. Unfortunately,
> we were unable to discuss these issues while there was an active

VER0153

> investigation. However, now that the investigation has concluded and my
> statement has been corroborated, they must be resolved. The following is a
> brief synopsis on each of my issues:
>
> Inaccurate Evaluation, no raise, 3% VIP:
> •      Ms. Richelson was allowed to compose my evaluation while there was
> an
> active investigation   into her misconduct against me.
> •      I provided numerous examples where Ms. Richelson created inaccurate
> documentation in  regards to my performance. If one example of Ms.
> Richelson's documentation is inaccurate and    misleading, it should all
> be called into question. When there are eleven such examples, to accept
> further documentation as accurate goes against common sense.
> •      There is a potential for retribution by both Ms. Richelson and Ms.
> Cardinale given I was a     whistle blower on both individuals.
> •      I provided a number of examples where Ms. Richelson set me up for
> failure.
> •      I never had a formal objective setting session.
> •      Ms. Richelson stated there was a three-year learning curve, but I
> never received any formal    training.
> •      I did not have a mid-year review. Ms. Richelson did not complete my
> mid-year review until   mid December, but she never met with me to discuss
> it.
> •      If Ms. Richelson felt I wasn't meeting objectives (which I never
> got), she has an obligation to     provide me an action plan on how she
> and I were going to work together to reach those       objectives.
> This never happened.
> •      I worked an estimated 800 hours of overtime for Ms. Richelson. This
> was done on personal    time (nights, weekends and holidays.) I was never
> compensated for these hours, nor was I    granted time off.
> •      I inherited a group that in Ms. Richelson's own words, "was in dire
> shape." And transformed the    group.
> •      My clients, the BPC and Compensation Design, have commended the
> tremendous       improvements I have made with the team. Ms. Richelson
> did
> not seek input from my clients,   which is a tangible way of measuring
> my
> performance.
> •      I was nominated for the Leaders in Excellence award, while working
> for Ms. Richelson.
>
>
>       When I originally raised this issue, you asked Lisa Damask from HR
> to
>    address my concerns. My conversation with Ms. Damask was
> non-productive.
> >   Her demeanor was standoffish; to the point where she stated, "none of
> >   the examples you provided of inaccurate documentation, dealt with
> >   performance." There is no doubt, that every example I provided, clearly
> >   dealt with my performance. The end result of our conversation was that
> >   Ms. Damask would contact me at the conclusion of the investigation and
> >   we would revisit the issue. I still have not bee contacted by Ms.
> >   Damask.
> >
> >   Two demotions:
> >      After being assaulted by Ms. Richelson, I was contacted via
> >   conference call by VP Laura Cardinale, Lisa Damask and Carolyn Driscoll
> >   from HR. I was told they planned to move me to another position within
> >   Ms. Cardinale's organization. Lisa Damask informed me that I, "."?will
> >   maintain my current 2nd level status." Therefore, I agreed to the move.
> >   At the time, I was under the career band 2M. My new position turned out
> >   to be what is classified as a 2L, which was a demotion. This position
> > is
> >   a demotion, because a 2L often times reports to a 2M. If the positions
> >   were equal, one would not be able to report to the other. Based on the

VER0154

```
>       past indiscretions of Ms. Cardinale and that of the HR department, I
>       realized that I was placing my livelihood in jeopardy by staying in VP
>       Cardinale's organization and therefore, I had to take a further
> demotion
>       in order to leave the group. If you would like clarification on these
>       indiscretions, please let me know.
>
>
>       As a resolution, I am asking for the following:
> ·     My year-end 2001 evaluation be destroyed and a new accurate
> evaluation composed.
> ·     My raise and VIP reflect this new evaluation.
> ·     A promotion back to my 2M job title outside the Finance
> organization.
>
>
> If you are unable to resolve these issues, please let me know whom I
> should
> speak to, in order to have them addressed. If this must be handled through
> the HR department, please do not ask them to contact me; I will pursue the
> issue myself. I am no longer going to deal with Ms. Damask or Ms. Driscoll
> on this issue.
>
>
>       Finally, I was informed that Ms. Richelson's position is now vacant
> and Linda Digiglio is a leading candidate for the job. During the
> investigation, I was informed that Ms. Richelson met with Ms. Digiglio and
> stated, "I'll take care of you on your evaluation, if you take care of me
> during this investigation." I did inform Paul McGovern at the time. I do
> not know if there is any truth to this. I do not know what she received
> for
> an evaluation this year, or last. I don't know if she was honest during
> the
> investigation, or even if she is a candidate.  I felt you should know; I
> am
> sure you will give due diligence to anyone who is selected to fill that
> position. I would hope Verizon does not reward someone for covering up
> misconduct.
>
>                                    Thank you for your time.
>
>
>                                    Erik Sheehan
>                                    781.677.5551 (pager)
>
>
>
>
>
>
>
```

VER0155


Paul McGovern
06/14/2002 10:01 AM

To: carolyn.driscoll@ba-dsg.com
cc: Tom R. Remeika
Subject: Erik Sheehan

Thank you for sending a draft of your response to Erik Sheehan in relation to his email to Doug Wilder.

Concerning the statement in the draft that "your performance appraisal reflected many examples of performance deficiencies to substantiate your ratings which will not be changed", I want to reiterate that the EEO investigation did not review the merit of Richelson's claims concerning Sheehan's performance. While a number of managers claimed that Richelson's assessment of their performance was unfair, and Sheehan's documentation may cast doubt on her allegations concerning his performance, EEO review of this issue was limited to determining that gender bias had not influenced Sheehan's review.

VER0157