UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                         |     |                          |
| --------------------------------------- | --- | ------------------------ |
| ERIK SHEEHAN,                           | )   |                          |
|                                         | )   |                          |
| Plaintiff,                              | )   |                          |
|                                         | )   | CIVIL ACTION             |
| v.                                      | )   | NO.  04 CV 12364 JGD     |
|                                         | )   |                          |
| VERIZON COMMUNICATIONS, INC.            | )   |                          |
|                                         | )   |                          |
| Defendant.                              | )   |                          |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION TO COMPEL

Defendant Verizon Communications, Inc. ("Verizon") hereby opposes the Plaintiff's

Motion to Compel on grounds that the Plaintiff is not entitled to discovery of Linda Richelson's

personnel folder or Paul McGovern's earlier draft of a portion of the Position Statement, which

was submitted to the Massachusetts Commission Against Discrimination in response to

Plaintiff's Complaint.  As to the remaining discovery requests, Verizon has provided the Plaintiff

with all of the responsive documents in its possession, custody and control.  In further support of

this Opposition, Verizon states the following:

### SUMMARY OF THE CASE

Plaintiff Erik Sheehan ("Sheehan") alleges that he was sexually harassed and

discriminated against based on his gender by Defendant Verizon Communications, Inc.

("Verizon"). Verizon denies anyone at Verizon discriminated or retaliated against Sheehan.[1]

---

[1] Claims against a number of employees and former employees of Verizon, including Sheehan's former supervisor, Linda Richelson, were dismissed by this Court due to Sheehan's failure to exhaust his administrative remedies against the individual defendants at the MCAD.   Count I (Negligent Supervision) against Verizon was also dismissed because it was preempted by Mass. Gen Laws ch. 151B and 152.

When Sheehan brought his complaints about his manager, Linda Richelson ("Richelson"), to the attention of management, Verizon conducted an extensive internal investigation of Sheehan's allegations, including interviewing many witnesses and reviewing Sheehan's performance evaluations at his request. Verizon could not substantiate any claims of sexual discrimination, sexual harassment or retaliation, including the allegation that Richelson singled Sheehan out because he was a man. However, because Verizon determined that Richelson violated Verizon's Code of Conduct in dealing with both male and female co-workers, Richelson was reprimanded by way of a Written Warning.

Later, Richelson was terminated as part of a reduction in workforce. Additionally, Sheehan voluntarily transferred to the position of his choice within Verizon (and outside of Richelson's group) on two occasions. Despite the outcome of the Verizon investigation, the reprimand of Richelson, the voluntary transfer of Sheehan (with no decrease in pay), and the fact that Sheehan remains employed by Verizon to this date (and has been promoted, making approximately $20,000 more per year than when he was working under Richelson's supervision in 2001), he nonetheless filed suit against Verizon alleging that he was discriminated against because he is a man. Discovery has established that Sheehan's claims for gender discrimination, sexual harassment, retaliation or aiding and abetting will not survive Verizon's Rule 56 Motion, which it intends to file shortly.

With regard to the discovery that is the subject of this Motion to Compel, Sheehan is either not entitled to the discovery sought, or all responsive discovery in Verizon's possession, custody and control has been turned over. In light of this fact, the Plaintiff's failure to confer on all matters address in this Motion, as required by Local Rule 7.1, as well as the misstatements made in the Motion to Compel concerning the Rule 7.1 conference which was held, counsel for

BOS_513776_1/WROSEBUSH

Verizon asked Sheehan's counsel to withdraw this Motion.  Plaintiff's counsel refused; therefore, Verizon hereby opposes Plaintiff's Motion to Compel Discovery.

**ARGUMENT**

**I.    PLAINTIFF IS NOT ENTITLED TO LINDA RICHELSON'S PERSONNEL FILE, WHICH IS PROTECTED FROM DISCLOSURE.**

At the Local Rule 7.1 conference, counsel for Verizon addressed Plaintiff's request for Linda Richelson's personnel file by informing counsel for Sheehan that there was a privacy statute in Massachusetts, Mass. Gen. Laws ch. 214, §1B, and a statute that specifically excludes personnel records from the category of documents subject to public disclosure, Mass. Gen. Laws ch. 4, § 7(c).  Courts in Massachusetts have also consistently recognized that individuals have a heightened privacy interest in their personnel records, and that a release of information from a personnel file may constitute a substantial interference with that right to privacy. Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984); Skelley v. Trustees of Fessenden School, 1994 WL 928172, *8 (Mass. Super. 2002)(Brassard, J.).

Sheehan readily acknowledges that the privacy statute applies to Ms. Richelson's personnel records, which are "undeniably personal or intimate," and concedes that he must demonstrate that a legitimate, countervailing interest exists to obtain these records in contravention of Ms. Richelson's right to privacy (Motion, p. 3).  Plaintiff argues that he is entitled to Ms. Richelson's records because her alleged behavior is the basis of his discrimination claims, and the information contained in her personnel records will assist Sheehan in the "vindication of his right to be free from harassment and discrimination." (Motion, p. 3). Plaintiff's reasons for seeking Ms. Richelson's personnel records are insufficient to outweigh Ms. Richelson's right to keep her personnel records private.

BOS_513776_1/WROSEBUSH

Reviews, benefits information, salary information, requests for leave or other private information which may be contained within Ms. Richelson's personnel file, have no bearing on whether Sheehan was subjected to sexual harassment or gender discrimination at Verizon. All of the documents which may be relevant to Plaintiff's claims -- the EEO investigation file along with the Written Warning Ms. Richelson received for violating Verizon's Code of Conduct – have already been produced to the Plaintiff. (VER0422, attached hereto as Exhibit A). Moreover, the Plaintiff took Ms. Richelson's deposition on October 28, 2005. During the deposition, the Plaintiff had ample opportunity to question Ms. Richelson about her employment history, whether other complaints had been made against her by other employees, and her disciplinary history. Requiring Verizon to produce Ms. Richelson's personnel file is not warranted in light of these circumstances, and would violate Ms. Richelson's right to privacy concerning these records. Mass. Gen. Laws ch. 214, §1B; Mass. Gen. Laws ch. 4, § 7(c).

## II.   PAUL MCGOVERN'S DRAFT OF A PORTION OF VERIZON'S POSITION STATEMENT IS WORK PRODUCT PROTECTED FROM DISCLOSURE.

Plaintiff seeks to compel the redacted portion of Paul McGovern's e-mail to Lisa Damask, a human resources employee of Verizon, which contains a draft paragraph for inclusion in Verizon's Position Statement to the MCAD. (VER0380-82, Exh. A to Plaintiff's Motion to Compel). Paul McGovern drafted that paragraph as the agent of Verizon's in-house counsel, and as its representative before the MCAD. As is clear from the context (Exh. A to Plaintiff's Motion to Compel), this e-mail was sent to Lisa Damask to check the accuracy of Mr. McGovern's summary of the facts concerning Verizon's review of Sheehan's 2001 evaluation, which was going to be included in Verizon's Position Statement. The only portion of the e-mail chain that was redacted was Paul McGovern's draft paragraph. It was redacted because it was

BOS_513776_1/WROSEBUSH

work product.  The information provided by Lisa Damask to Paul McGovern in response to his inquiry was disclosed, as was the portion of the e-mail describing the purpose for Mr. McGovern's contact with Ms. Damask. (VER0380-82, Exh. A to Plaintiff's Motion to Compel). Verizon also produced Mr. McGovern's executed Position Statement, containing the final version of that paragraph, as submitted to the MCAD, to Sheehan in discovery.

Contrary to the Sheehan's argument, Mr. McGovern's draft paragraph of Verizon's Position Statement to the MCAD is clearly work product, prepared in "anticipation of litigation or for trial by or for another party or by or for that other party's representative," and constitutes the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P.26(b)(3).  As such, it is protected from disclosure, and was properly redacted from the e-mail chain produced.

Moreover, Sheehan's argument that the redacted information "is the culmination of Mr. McGovern's investigation into Sheehan's claims of harassment and discrimination" (Motion, p. 4), is simply wrong.  As Sheehan is fully aware, the "culmination of Mr. McGovern's [internal EEO] investigation" was a report drafted by Mr. McGovern setting forth the conclusions of his EEO investigation.  Verizon previously disclosed this report in discovery.  In addition, all of Mr. McGovern's substantial notes and preliminary reports were also turned over to Sheehan.

For these reasons, the Plaintiff is not entitled to the redacted portion of VER0380-82, which is attached as Exh. A to Plaintiff's Motion to Compel.

**III.   VERIZON HAS PRODUCED ALL DOCUMENTS IN ITS POSSESSION CONCERNING THE MARCH 2002 CHAIN OF E-MAILS.**

While counsel did, in fact, confer on October 26, 2005 to discuss issues relevant to Verizon's document production, little else in the Plaintiff's Motion to Compel accurately reflects that conference as it pertains to the remaining requests for additional discovery.  At no time did counsel for Verizon state that "Verizon had not provided, to her firm, the complete chain of emails between Carolyn Driscoll, Mary E. Leone, Lisa Damask, Erik Sheehan, and Doug Wilder in March, 2002 nor the earlier draft of a letter to Erik Sheehan from Doug Wilder drafted by Carolyn Driscoll in approximately June, 2002..." (Motion, p. 2; Exh. B and Exh. C to Plaintiff's Motion to Compel).  Rather, counsel for Verizon was presented with only a few pages of the document production pertaining to the March, 2002 e-mail chain and the June 2002 draft letter. (Exh. B and Exh. C to Plaintiff's Motion to Compel).  Therefore, counsel agreed to review the document production to determine if the complete documents had been produced in other parts of the document production, or to locate the complete documents, if they had not previously been produced.  In the interim, other discovery was taking place, and before counsel for Verizon had the opportunity to make that search (and before Plaintiff's counsel contacted her to determine the results of the search), Plaintiff went ahead and filed his Motion to Compel.

A review of Verizon's document production revealed that another version of portions of the same March 2002 e-mail chain was also produced in a later part of the document production. (VER00572-74, attached hereto as Exhibit B).  In addition, a review of Verizon's documents revealed that documents, believed to be duplicates of the March 2002 e-mail chain (Exh. B to Plaintiff's Motion to Compel), and which were not produced, contained the e-mails from March 20, 2002, which Sheehan seeks to compel.  Those e-mails concern discussions between Mary E. Leone and Paul McGovern regarding who should participate in responding to Erik Sheehan's

BOS_513776_1/WROSEBUSH

March, 2002 e-mail inquiry to Doug Wilder regarding his year-end review. Verizon has

produced those e-mails herewith along with other duplicates of the March 2002 e-mail chain

which are substantively the same, but have some differences in the formatting (font, spacing).

(E-mails from 3/14/02-3/19/02, attached hereto as Exhibit C). A request for any further

responsive documents from several Verizon employees has revealed that Verizon has no other

documents concerning the March, 2002 e-mail chain.

**IV.    RESPONSIVE DOCUMENTS PERTAINING TO THE DRAFT LETTER FROM DOUG WILDER TO ERIK SHEEHAN HAVE ALREADY BEEN PRODUCED.**

The final issue in the Plaintiff's Motion to Compel concerns drafts of the June 2002 letter

from Doug Wilder to Erik Sheehan. Some of these e-mails and drafts had already been produced

in Verizon's document production. (VER0152-0157, Exh. C to Plaintiff's Motion to Compel).

Additional drafts of the June 2002 letter from Doug Wilder to Erik Sheehan and e-mails

discussing those drafts, were produced to the Plaintiff on November 11, 2005. (VER057880,

VER0597-99, VER0602-08, attached hereto as Exhibit D). A request for any further responsive

documents from several Verizon employees has revealed no other documents.

**V.    VERIZON DOES NOT HAVE POSSESSION OF PLAINTIFF'S MID-YEAR REVIEW, WHICH IS NOT PART OF THE PLAINTIFF'S PERSONNEL FILE.**

Plaintiff's Motion, filed November 10, 2005, seeks to compel Plaintiff's mid-year review

by Linda Richelson. As set forth clearly in Ms. Richelson's deposition of October 28, 2005, the

mid-year review was an informal review process, which occurred between the supervisor (Ms.

Richelson) and employee (Erik Sheehan) only, in order to give the employee a sense of their

performance at the half-year mark. Although a written mid-year review was given to the

employee, it was not placed in the employee's personnel file. Ms. Richelson gave Sheehan a

copy of his mid-year review in December, 2001. (Deposition of Linda Richelson, pp. 61-66,

BOS_513776_1/WROSEBUSH

attached hereto as Exhibit E). However, it was not placed in his personnel file, and Verizon does not have a copy of that document.

Counsel for Plaintiff never contacted counsel for Verizon pursuant to Local Rule 7.1 to discuss the mid-year review; otherwise counsel for Verizon would have informed counsel for the Plaintiff of its position based upon Ms. Richelson's testimony. When Attorney Rosebush contacted Attorney Tuttle regarding this issue - after the Motion to Compel had been filed - he indicated that he was unaware of Ms. Richelson's deposition testimony, which was taken by Domenic Finelli, to whom Mr. Tuttle is counsel.

## CONCLUSION

For the reasons set forth above, Verizon requests that the Court deny the Plaintiff's Motion to Compel Discovery. Plaintiff either is not entitled to receive the additional discovery sought (Richelson's personnel file and Paul McGovern's draft for the MCAD Position Statement), or the discovery sought has already been produced by Verizon (E-mail chain from March 2002 and drafts of the June 2002 letter from Doug Wilder to Erik Sheehan). Finally, Verizon does not have Plaintiff's mid-year review in its possession, custody or control.

VERIZON COMMUNICATIONS, INC.
By its attorneys,

__/s/ Windy L. Rosebush_____
Timothy P. Van Dyck, BBO #548347
tvandyck@eapdlaw.com
Windy L. Rosebush, BBO #636962
wrosebush@eapdlaw.com
Edwards Angell Palmer & Dodge LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

Date: December 2, 2005

BOS_513776_1/WROSEBUSH

## CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that on December 2, 2005, I caused a copy of the foregoing document to be served electronically on Paul Tuttle, Barrister Hall, 199 Revere Street, Revere, MA  02151, by filing the same electronically.


                              _/s/ Windy L. Rosebush_____

BOS_513776_1/WROSEBUSH