UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIK SHEEHAN,                )<br>                              )<br>     Plaintiff,              )<br>v.                            )<br>                              )<br>VERIZON COMMUNICATIONS, INC., )<br>                              )<br>     Defendant.              ) | CIVIL ACTION<br>NO. 04-12364-JGD |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the court on the "Plaintiff's Motion to Compel Discovery" (Docket No. 30). By his motion, plaintiff Erik Sheehan ("Sheehan") is seeking an order directing the defendant, Verizon Communications, Inc. ("Verizon"), to produce (1) Linda Richelson's personnel folder; (2) Paul McGovern's drafts of Verizon's Position Statement to the Massachusetts Commission Against Discrimination ("MCAD"); (3) the complete chain of e-mail correspondence between Carolyn Driscoll, Mary E. Leone, Lisa Damask, Sheehan, and Doug Wilder in March 2002; (4) Carolyn Driscoll's draft letter from Doug Wilder to Sheehan in about June 2002; and (5) Sheehan's midyear review, which was completed while he was working for Linda Richelson. Following a hearing before this court on January 3, 2006, and upon consideration of the parties' submissions, the court hereby ORDERS the following:

1.  The plaintiff's motion to compel is ALLOWED IN PART and DENIED IN PART as follows:

        a.      Sheehan's request to compel production of Linda Richelson's personnel folder is ALLOWED IN PART and DENIED IN PART. Verizon shall produce, to the extent that it has not already produced them, any evaluations reflecting assessments of Linda Richelson's interpersonal relations with Verizon employees and any other documents referring or relating to complaints concerning Ms. Richelson's interpersonal relations with Verizon employees. The request is otherwise DENIED.

        b.      Sheehan's request to compel production of Paul McGovern's drafts of Verizon's Position Statement to the MCAD is DENIED. Any such documents constitute work product and are protected from disclosure.

        c.      Prior to the hearing on the plaintiff's motion, the parties were able to resolve their differences regarding production of the chain of e-mail correspondence, Carolyn Driscoll's draft letter from Doug Wilder to Sheehan, and Sheehan's midyear review. Accordingly, the motion to compel production of these items is DENIED as moot.

    2.    If necessary, the parties shall submit to the court a joint proposed confidentiality agreement concerning the production of confidential information. If the parties are unable to reach agreement on a proposed form of agreement, each party may submit a separate proposal to the court.

    3.    By **January 10, 2006**, the plaintiff shall report to counsel for Verizon and to the court regarding whether he wishes to participate in mediation pursuant to the court's alternative dispute resolution program.

            / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED:  January 3, 2006